### MOORE v. WHITE, Warden.

Circuit Court of Appeals, Eighth Circuit.
December 21, 1927.

No. 7912.

1. Pardon ⬿10—Board of parole of one federal penitentiary cannot revoke parole granted by board of other penitentiary (18 USCA §§ 715–719).

Under Comp. St. §§ 10536–10540 (18 USCA §§ 715–719), as to boards of parole of federal penitentiaries and the granting and revoking of paroles, board of one such penitentiary has no authority to revoke a parole granted by the board of another such penitentiary.

2. Pardon ⬿10—Parole granted by board of federal penitentiary can be revoked only after arrest on warrant of warden of that penitentiary (18 USCA § 717).

That parole granted by board of parole of a federal penitentiary may be revoked, the paroled prisoner must first be arrested under warrant therefor issued by the warden of such penitentiary, as provided by Comp. St. § 10538 (18 USCA § 717).

**3. Prisons ⚖️ 13—Attorney General may not change place of imprisonment of paroled prisoner prior to proper revocation of parole (18 USCA § 698).**

Under the authority given the Attorney General by 18 USCA § 698, to change place of imprisonment in certain instances, he is without power, prior to proper revocation of parole, to order incarceration in one penitentiary of a prisoner paroled from another penitentiary.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Habeas corpus proceeding by Lawrence B. Moore against T. B. White, Warden of the United States Penitentiary at Leavenworth, Kan. Writ denied, and petitioner appeals. Reversed and remanded, with directions.

Lawrence B. Moore, in pro. per.

Al. F. Williams, U. S. Atty., Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan., and L. E. Wyman, Asst. U. S. Atty., of Hutchinson, Kan., for appellee.

Before KENYON and BOOTH, Circuit Judges, and MUNGER, District Judge.

KENYON, Circuit Judge. Appellant filed in the District Court of Kansas, First Division, a petition for writ of habeas corpus. A motion to dismiss the application was sustained, and the writ denied. This appeal resulted.

Appellant was tried at Vladivostock, Siberia, by a general court-martial, consisting of officers of the American Expeditionary Force, on a charge of having violated specification 1 of the ninety-sixth Article of War (10 USCA § 1568). He was convicted and sentenced to be confined for a period of five years at such place as the reviewing authorities should determine, to lose all pay and allowances, and to be dishonorably discharged from the military service of the United States. He was transferred to the United States, and the place of confinement was designated as the United States Penitentiary, McNeil Island, Wash. He was received there December 17, 1920, and released from said penitentiary May 25, 1921, on a parole granted by the board of parole of said penitentiary. His sentence had been modified by the President of the United States on August 3, 1920, so as not to exceed three years' confinement. Under the terms of the parole he was required to remain in the state of Louisiana in the custody of a friend. He violated the terms of his parole by leaving the state of Louisiana, and also by failure to make reports as required by the conditions

thereof. He was arrested at Danville, Ill., charged with violating his parole. Under authority of a telegram from the Attorney General of the United States he was taken to and incarcerated in the federal penitentiary at Leavenworth. Said telegram is as follows:

"Ah Washington D. C. 1121a June 1, 1926.
"U. S. Marshal Danville, Ill.

"Department advised Federal prisoner Lawrence B. Moore Parole violator in custody special agent Danville Ills instructed take custody prisoner and deliver to Federal Penitentiary Leavenworth Kans.

"Sargent 1041A"

The Attorney General also sent this telegram:

"Wash. 10:50 P. M. June 1, 1926.
"Warden U. S. Penitentiary McNeil Island Wash.

"Forward Commitment Lawrence D. Moore Parole Violator to Warden Leavenworth Penitentiary.

"[Signed]    Sargent Washington D C"

About June 10, 1926, the board of parole of the penitentiary at Leavenworth, upon a hearing, found that the appellant had violated the terms of the parole granted by the parole board of the McNeil Island penitentiary. Some time later, without the issuance of any warrant for the arrest of appellant, the parole board at McNeil Island also revoked said parole.

Two questions present themselves, viz.: (a) Did the board of parole of the Leavenworth federal penitentiary have any authority to revoke the parole granted by the board of parole of the McNeil Island penitentiary? (b) Did the board of parole of the McNeil Island penitentiary have authority to revoke the parole, without the issuance of a warrant by the warden of said penitentiary for the arrest of appellant, and without appellant ever having an opportunity to appear before said board?

Both of these questions are solved by reference to the clear expressions of the federal statutes. A board of parole is constituted for each federal penitentiary, consisting of the Superintendent of Prisons for the Department of Justice and the warden and physician of said penitentiary. 10 Comp. Stat. 1916, § 10536 (18 USCA § 715). The meetings of said board of parole are held at each prison. Said board (i. e., of each prison) is to receive personal reports from the paroled prisoner, and it prescribes the conditions surrounding the paroled prisoner. Such prisoner is under the care and direc-

tion of that particular parole board, and while on parole remains constructively in the legal custody and under the control of the warden of such prison. Each penitentiary has its own parole officer.

10 Comp. Stat. 1916, § 10537 (18 USCA § 716), provides for applications for parole to *said* board, etc. 10 Comp. Stat. 1916, § 10538 (18 USCA § 717), provides as follows:

"If the warden of the prison or penitentiary from which said prisoner was paroled or said board of parole or any member thereof shall have reliable information that the prisoner has violated his parole, then said warden, at any time within the term or terms of the prisoner's sentence, may issue his warrant to any officer hereinafter authorized to execute the same, for the retaking of such prisoner."

10 Comp. Stat. 1916, § 10539 (18 USCA §' 718), provides for an officer of said prison or federal officer authorized to serve criminal process within the United States to execute the warrant by returning said prisoner to *said* prison. 10 Comp. Stat. 1916, § 10540 (18 USCA § 719), provides:

"At the next meeting of the board of parole held at such prison after the issuing of a warrant for the retaking of any paroled prisoner, said board of parole shall be notified thereof, and if said prisoner shall have been returned to said prison, he shall be given an opportunity to appear before said board of parole, and the said board may then or at any time in its discretion revoke the order and terminate such parole or modify the terms and conditions thereof. If such order of parole shall be revoked and the parole so terminated, the said prisoner shall serve the remainder of the sentence originally imposed; and the time the prisoner was out on parole shall not be taken into account to diminish the time for which he was sentenced."

[1] Appellant was never paroled from the Leavenworth penitentiary. He was in no way under the jurisdiction of the board of parole of that institution. There is no statute giving to that board of parole the authority to revoke the parole granted by the board of parole of the McNeil Island penitentiary. Its action in attempting so to do was void.

[2] As to the revocation of the parole by the McNeil penitentiary parole board, the law applicable thereto seems plain. Under section 10538, 10 Comp. Stat. 1916, the warden of the penitentiary from which the prisoner was paroled can issue a warrant for his arrest, and at the next meeting of the board of parole held after the issuing of the warrant the prisoner, if he has been returned to the prison, is entitled to an opportunity to appear before the said board. Appellant never was arrested under a warrant issued by the warden of McNeil Island penitentiary. He never had an opportunity to appear before the board of parole of that penitentiary and resist the revocation of his parole. That board could only revoke the parole after an arrest upon warrant of the warden of that particular penitentiary.

[3] Appellee contends that the Attorney General of the United States had the authority to order appellant confined in the penitentiary at Leavenworth, and that therefore he was legally confined. Section 698, title 18, U. S. Code Anno., provides that the place of imprisonment may be changed by the Attorney General in certain instances. If the parole had been properly revoked by the board of parole of the McNeil Island penitentiary, the question of the right of the Attorney General to change the place of imprisonment would probably not be questioned; but the act of the Attorney General cannot take the place of action by the parole board. We think the Attorney General was without power under the circumstances of this case to order the incarceration of appellant in the Leavenworth penitentiary prior to the proper and legal revocation of the parole.

It seems to us that appellant was incarcerated in the penitentiary at Leavenworth without any authority of law therefor, and that he has been deprived and he is now being deprived of his liberty without due process of law; that neither the action of the board of parole of the penitentiary at Leavenworth nor that of the board of parole of the penitentiary at McNeil Island was in accordance with law, and therefore the court erred in denying the writ of habeas corpus. Its judgment is reversed, and the case is remanded, with directions to the said District Court to issue the writ of habeas corpus prayed for, and to discharge the appellant from the custody of appellee.

Reversed and remanded.