Ex parte URBANOWICZ.

District Court, D. Kansas, First Division.
January 28, 1928.

No. 120.

1. Pardon ⟨⟩5—Federal boards of parole have only powers conferred by statute.

Boards of parole of the penal institutions of the United States are purely creatures of statute, and have such powers, and only such, as are conferred on them.

2. Pardon ⟨⟩10—Revocation of parole, without claim of its violation, held beyond powers of board of parole (18 USCA § 714 et seq.).

The action of a board of parole created by 18 USCA § 714 et seq., in revoking the parole of a prisoner after he had been out for more than a year, and reimprisoning him on the claim that, if the board had known certain facts, the parole would not have been granted, no charge of violation of the parole being made, held without authority.

Habeas Corpus. Petition of John A. Urbanowicz for writ of habeas corpus. Writ granted.

John A. Chumbley, of Washington, D. C., for petitioner.

Al F. Williams, U. S. Atty., Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan., for respondent.

POLLOCK, District Judge. Petitioner filed his application for a writ of habeas corpus, and the warden of the prison has filed his response, admitting the restraint of petitioner and attempting to justify the same, and the matter stands submitted for decision as to the right of the warden, under the peculiar circumstances of this case, to hold petitioner in confinement. The facts are conceded, and may be briefly summarized, as follows:

Petitioner was charged, tried, and convicted of the crime of embezzlement from the government in the District Court for the District of Montana, and by that court sentenced to confinement in the United States penitentiary at Leavenworth, this state, for a period of 20 years from July 2, 1921. Thereafter the President commuted this period of imprisonment to 12 years. Thereafter, petitioner having served a sufficient period of his time to enable him to apply for a parole to the parole board of the prison, which was in manner and form as by the law and the rules of the prison required, this application was received by the parole board, acted upon, and on the 11th day of February, 1926, he was released from the prison on his parole. This parole was by the Attorney General approved February 8, 1926. Thereafter, and on June 5, 1926, petitioner was arrested on the warrant of the warden of the Leavenworth penitentiary, this warrant commanding the officer executing it to return petitioner to the warden of the Leavenworth prison, but, instead of so doing, petitioner was by order of the Attorney General's office taken to and lodged in the United States penitentiary located at Atlanta, Ga.

Being confined therein, on October 30, 1926, he filed his petition for writ of habeas corpus, which, on application to and hearing before Hon. Samuel H. Sibley, United States judge, was granted, and petitioner was discharged from said prison, and he returned to Cleveland, Ohio, under his parole. Thereafter, and after he had received official authority therefor, petitioner removed from the city of Cleveland to the city of St. Paul, in the state of Minnesota, where, on April

4, 1927, on the receipt of a letter from the president of the parole board requesting him to so do, he came to the Leavenworth prison and appeared before the board, without being arrested on the warrant of the warden. Thereupon the board of parole as then constituted proceeded to revoke his parole in the following manner:

It was not there and then charged against petitioner, or even asserted, any of the terms and conditions upon which his parole had been granted him had been violated or broken by petitioner, but, on the contrary, it is conceded no condition expressed in his parole had been violated or broken. What was then claimed, and all that was or is now asserted in this behalf, is that petitioner, while confined in the prison, before his parole was granted, had done certain things which were unknown to the prison officials or the parole board at the time his application for parole was up and granted, and there is no contention now made that petitioner has done any act subsequent to the granting of his parole which would justify the board in forfeiting his parole.

[1] Coming, now, to the question of the power of the parole board of the Leavenworth prison to revoke the parole of petitioner and reincarcerate him in the prison, as was done in this case, it may be said: The boards of parole of each of the penal institutions of our country are purely creatures of the law, clothed with just such powers, and no more, as the law of their creation confers upon them, and to act in such manner as the law directs, and no other. Now section 10535, and following, volume 10, Compiled Statutes of 1916 (18 USCA § 714 et seq.), provide for the boards of parole of our various penal institutions, the manner of their organization, how and in what instances paroles of convicts may be applied for, and under what circumstances and conditions granted by the board, the mode of acquiring jurisdiction over the person of a convict who is charged with having violated his parole, the time and place of hearing, with opportunity on the part of the prisoner to be heard in his defense—indeed, an entire method of procedure which must be followed in order to work out a lawful forfeiture of the right of parole once granted under the law.

As has been seen in this case, while the warden of the Leavenworth prison did issue his warrant to repossess himself of the person of petitioner in this case, charging him with having violated his parole and with being an outlaw from the prison, all as provided in section 10538 of the law (18 USCA § 717), yet under this warrant he was not returned to the Leavenworth prison, where this matter and he could be heard and determined by the lawfully constituted board of that institution. On the contrary, he was carried to Atlanta, Ga., where there was no jurisdiction to hear him, or the charge against him, and he was there incarcerated until his release on habeas corpus.

[2] As held by the Circuit Court of Appeals for this Circuit, in Moore v. White, Warden, 23 F.(2d) 467, decided at December, 1927, term of that court, the act of the Attorney General, commanding the transportation and confinement of petitioner under parole, arrested on warrant of the warden of the Leavenworth prison, from which he was paroled, to and in another federal prison than that from which he was paroled, was absolutely null and void. Thereafter, while at liberty under his parole, he, having complied with all its conditions, was by a mere letter of the superintendent of prisons induced to come from St. Paul, Minn., a city to which he had been allowed to go under the terms of his parole, and then and there and in such manner having been brought before the parole board, his parole was set aside—for what? Not on any charge he had violated the terms or conditions of the grant, but on the ground he had been guilty of acts while in prison prior to his parole, which, had the board of parole known, a parole would not have been granted him.

Does the board of parole as by law constituted have any such power or authority? If so, no parole can hereafter be esteemed the granting of a privilege, for to my mind a parole that may be terminated on any such ground or pretext would be liable to prove a mere delusion and a snare to the paroled convict. The validity of a law may not be tested by what will in fact be done under it by those charged with its enforcement but must be tested by what may be done thereunder. In the first place, the validity of a parole is not made to depend upon the actual conduct of the applicant therefor while in the prison, but to depend upon his prison record as made by the officials of the institution. In section 10537 of the law above cited (18 USCA § 716) it is provided: "If it shall appear to said Board of Parole from a report by the proper officers of such prison," etc. There is no provision of the law for any interrogation of the prisoner himself, who makes the application for parole, as to his past conduct, and quite obviously, if this were done, his statements

would be a quite flimsy guide on which the board could act in granting or refusing a parole.

Again, considering the procedure established by the law for the forfeiture of a parole once granted, it would seem some such reason must obtain as would nullify a judgment or final order of a court. It has often been held all that inheres in a final judgment or order is concluded thereby, even to the extent a final judgment or order of a court will not be declared void on a collateral attack, because based exclusively upon false and perjured evidence. The parole board in this case determined, in the method by law provided, petitioner was entitled to a parole. This decision includes all the acts and conduct of the petitioner while in the prison prior to the time it was made, either known or unknown. As the conditions on which it was granted have been by petitioner kept and performed, the act of the board in bringing petitioner before it in the manner shown by this record, and not on warrant of the warden of the prison, as by the law provided, and then proceeding to revoke his parole on the ground he had not divulged some fact known to him which existed at the time the parole was granted, although he was not interrogated regarding the same, cannot be upheld, in my judgment. And the prisoner should be allowed his liberty on his parole until some condition on which it was granted him is shown, as by the law provided, to have been violated.

The writ allowing petitioner his liberty on his parole must be granted. It is so ordered.