UNITED STATES ex rel. ANDERSON v. ANDERSON, Marshal.

District Court, D. Minnesota, Fourth Division.

Sept. 11, 1934.

Drill, Drill & Rensch, of St. Paul, Minn., for John H. Anderson.

George A. Heisey, Asst. U. S. Atty., of St. Paul, Minn., for United States Marshal.

NORDBYE, District Judge.

The facts are not in dispute. The petitioner was sentenced in this court on the 22d day of June, 1932, to serve a term of eighteen months' imprisonment in the United States Industrial Reformatory at Chillicothe, Ohio, as punishment for a violation of the late National Prohibition Act (27 USCA § 1 et seq.). Sentence and judgment aforesaid were stayed by this court from time to time until April 25, 1933, on which day petitioner surrendered to the United States Marshal, was duly committed to and entered upon the service of the said term of imprisonment. On December 9, 1933, the petitioner was released from said reformatory on parole and remained at liberty on parole until September 1, 1934. On August 21, 1934, the United States Board of Parole issued and forwarded to the United States Marshal for this district a warrant for the arrest of the petitioner, and said warrant was cited that satisfactory evidence had been presented to a member of the Parole Board that the petitioner had violated the conditions of his parole, and the same was declared to be revoked and the paroled person declared to be a fugitive from justice. The Marshal was ordered by virtue of this warrant to take the petitioner into custody and return him to the institution. This warrant was dated the 21st day of August, 1934, and was executed by the Marshal on September 1, 1934, when the petitioner was taken into custody and is now detained and held by the Marshal solely by virtue and under authority of the said warrant and the execution thereof.

It appears that, under the laws existing at the time sentence was imposed, the period of the petitioner's parole was the term of his sentence less good time allowance provided by law, to wit, six days for each month of said sentence, and that, therefore, the minimum expiration of the petitioner's sentence was on July 8, 1934. The full term would expire October 24, 1934. The petitioner takes the position that his minimum sentence has now expired, and there being no claimed violation of parole indicated by the authorities prior to that date, he insists that he was legally entitled to his discharge as of July 8, 1934; hence, he urges that the Parole Board had no jurisdiction to issue any warrant for his arrest after his minimum sentence had expired. It is conceded that the alleged parole violation took place some time in February, 1934, several months prior to the expiration of the minimum sentence. Petitioner maintains that under section 716, 18 USCA, the Parole Board could only exercise control over a parolee "until the expiration of the term or terms specified in his sentence, less such good time allowance as is or may hereafter be provided for by law"; that in that the minimum sentence has now expired without any issuance of a warrant prior to such expiration, the Parole Board has exceeded its authority in proceeding as before indicated.

After due reflection the court is of the opinion that petitioner's position cannot be sustained. The allowance of good time with credit upon a prisoner's sentence is not a vested right. It is only contingent. The parole records indicate the minimum expiration of this sentence as of July 8, 1934, dependent on the parolee's behavior. In effect, petitioner during the period of his parole was under the control of the Warden. He was continuing the service of his sentence, but under the ameliorated condition of parole. Violation of

parole would subject him to a loss of the good time he had obtained while serving the portion of his sentence in the reformatory and while on parole.

The Circuit Court of Appeals of the Ninth Circuit, in construing section 719, 18 USCA, used the following language in Halligan v. Marcil, 208 F. 403, 405: "The formerly acquired credit by reason of the previous good conduct of the prisoner, which could not become effective until the end of his term, was thus forfeited by the statute itself upon the revocation of the parole, because of the prisoner's subsequent misconduct."

█ The exact time when the petitioner's sentence would expire was not determined by the prison authorities when he was released on parole. It was entirely dependent upon his behavior, and from the very nature of things, the exact time when his sentence would expire could not be determined until the minimum sentence had been reached. Section 717, 18 USCA, provides that if the Parole Board shall have reliable information that the prisoner has violated his parole, then the Warden at any time within the term or terms of the prisoner's sentence may issue a warrant for the retaking of the prisoner. There is no showing before this court that would indicate that the petitioner's sentence had expired as of July 8, 1934. His full term will not be reached before October 21, 1934. Whether he is entitled to a sentence with allowance for good time is a question of fact. By the issuance of the warrant, acting upon satisfactory evidence, the Parole Board evidently takes the position that his conduct while on parole does not entitle the prisoner to a discharge as of July 8, 1934. This court has no jurisdiction to determine whether or not he is entitled to credit for good time. That matter is vested solely within the jurisdiction of the Parole Board. There is no contention that heretofore the Parole Board has in any way affirmatively released this parolee from the conditions of parole.

█ Petitioner earnestly contends, however, that in that the Parole Board took no action to issue a warrant charging a parole violation until after the contingent minimum sentence had expired, it has lost jurisdiction. Obviously, the petitioner mistakes an anticipatory and contingent allowance for good time for a vested right. Assume that the petitioner had committed a felony on July 1, 1934. His anticipated minimum sentence would expire on July 8, 1934. The knowledge of such an offense might not come to the Parole Board until after the minimum sentence had expired. Manifestly, it could not be urged that notwithstanding the violation of parole and flagrant misbehavior, petitioner had obtained a vested right in the good time which had theretofore accrued to him requiring his discharge as of July 8, 1934. In other words, it is his conduct that will determine the final vesting of the statutory good time allowance, not the act of the authorities in affirmatively proceeding to take him into custody. True, the authorities must act within the term in compliance with section 717 (18 USCA), but having acted within the term, it still remains a question of fact within the sound discretion of the board as to whether this petitioner forfeited the contingent good time allowance that had accrued. One may analyze the situation by assuming that the petitioner had never been paroled, but was confined in the reformatory until July 8, 1934. If his conduct had complied with the statute, he would be entitled to a discharge from prison, but if, as a matter of fact, his conduct while in prison, or shortly before his minimum sentence had expired, was such that he was not entitled to any good time allowance and had lost what had accrued, clearly the Warden could not be required to discharge the prisoner.

In referring to the credit for good time provided for by section 710, 18 USCA, the Circuit Court of Appeals of the Fifth Circuit, through Judge Sibley, in Aderhold v. Perry, 59 F.(2d) 379, 380, stated: "The credit is not a vested right, but only contingent until a time arrives such that its allowance will end imprisonment. The prisoner's record of conduct which is carefully kept under rules of the penitentiary is then to be inspected, and, if found such as the statute prescribes, the prisoner is entitled to the credit and to discharge, and has often been granted it on habeas corpus. If his record is marred by misconduct, the right to a credit is gone. Strictly speaking, the credit is not forfeited; it simply is never finally earned."

There is no statute which would justify petitioner's position in contending that the Parole Board must take some affirmative action by the issuance of a warrant or otherwise prior to the expiration of a parolee's minimum sentence in order to question the parolee's right to credit for good time. In fact, the statute provides just to the contrary. It specifically clothes the Parole Board with authority to issue a warrant for a prisoner's retaking at any time within the term of his sentence. To sustain petitioner's contention in the instant case would do violence to the

plain intendment of the statutes which are applicable.

■■ Petitioner asserts that the amendment to section 716 found in 716a in title 18 US CA sustains his claim that the Parole Board lost jurisdiction of the parolee after the service of the contingent minimum sentence if it appeared that no affirmative act or acts had been taken by the board to revoke the parole prior to that time. Now, section 716a was passed after this petitioner was sentenced and hence is not applicable to his parole. It provides that a parolee shall continue on parole until the maximum term specified in his sentence has expired without reduction for good time. The effect of the amendment is apparent. If the amendment applied to the instant case, the petitioner would be on parole until October 24, 1934. Under the law as it existed when the petitioner was sentenced, he could only be kept on parole until July 8, 1934, *if his conduct justified allowance for good time.* Presumably, the Parole Board in its hearing, which will be had in pursuance to the warrant that has been issued, will determine the question of the petitioner's conduct while on parole, and if found satisfactory, he will be formally released as of the date of the expiration of his minimum sentence. There is no substance to the contention that this amendment by implication recognizes any right under the old law in a parolee's having a vested right to be discharged when his minimum sentence expires, unless proceedings have been taken to revoke his parole prior to that time. It is not the issuance of a warrant charging parole violation that 'tolls the expiration of a minimum sentence. It is the misbehavior and bad conduct of a parolee, and if it be regularly determined prior to the expiration of his maximum term that the contingency did not become vested, due to misconduct, then the parole may be revoked, the good time lost, and the prisoner may be required to serve his full term.

The Supreme Court, in Anderson v. Corall, 263 U. S. 193, 196, 197, 44 S. Ct. 43, 44, 68 L. Ed. 247, amply supports the views herein expressed: "While on parole the convict is bound to remain in the legal custody and under the control of the warden until the expiration of the term, less allowance, if any, for good conduct. While this is an amelioration of punishment, it is in legal effect imprisonment. The sentence and service are subject to the provision of section 6 [section 719, 18 USCA] that if the parole be terminated the prisoner shall serve the remainder of the sentence originally imposed without deduction for the time he was out on parole. * * * Under section 6, the board was authorized at any time during his term of sentence in its discretion to revoke the order and terminate the parole, and to require him to serve the remainder of the sentence originally imposed without any allowance for the time he was out on parole."

■ Petitioner urges laches on the part of the Parole Board in failing to proceed before August 21, 1934. The alleged parole violation took place in February, 1934, but there is no showing as to when the Parole Board became advised of the alleged misconduct of the petitioner. Assuming that laches can ever be successfully urged against the government, obviously this is not such a case.

In harmony, therefore, with the views herein expressed, it is hereby ordered that said writ be discharged and the petitioner be returned to the custody of the respondent and dealt with in pursuance of the warrant for the arrest of said petitioner.