## KLINKNER v. SQUIER, Warden.

### No. 10744.

Circuit Court of Appeals, Ninth Circuit.

Aug. 11, 1944.

Peter H. Klinker, in pro. per., for appellant.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Guy A. B. Dovell, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This appeal is from a judgment adverse to appellant on his petition for a writ of habeas corpus.

Following are the conceded facts of the case: On July 29, 1930, appellant was convicted of a federal offense and sentenced to serve a ten-year term. On August 23, 1935, he was paroled from the institution of his confinement under the provisions of 18 U.S.C.A. § 716. By the terms of the parole he was to remain under supervision until April 15, 1937—the expiration date of his minimum term after deduction of credit for good conduct, if earned. On June 1, 1937, he received from the Supervisor of Paroles a letter stating:

"Inasmuch as it appears that you have complied with conditions under which you were released on parole this letter is sent as evidence of your release from parole supervision.

"It is a source of satisfaction to the Board of Parole and to this office that you have completed your parole term successfully and it is hoped you will continue to maintain this good record."

This letter was written under a misapprehension, as will now appear.

On December 1, 1936, while at large under parole, appellant had committed the crime of forgery in violation of 18 U.S.C.A. § 347. For this crime he was indicted May 13, 1937; and on May 21, 1937, on his plea of guilty, he was sentenced to serve a term of five years. On the same date he was sentenced under another indictment, charging the stealing of letters from mail boxes, and was sentenced to serve four years, the sentence to run consecutively to the one imposed for the crime of forgery. He completed the service of these consecutive sentences February 7, 1944. Subsequent to May 21, 1937, and prior to the expiration of his maximum term under the original sentence of July 29, 1930, a warrant charging violation of his parole was issued. Pursuant to this warrant he was taken into custody upon completion of the nine-year intervening sentences and is now confined under the 1930 sentence.

The petition is predicated on the letter of the Supervisor, or perhaps on the assumed action of the parole authorities which inspired the writing of it. Appellant says the action or letter, whether or not induced by ignorance of the facts, amounted to a final judgment discharging him from parole; hence the parole could not thereafter be revoked. He cites Ex parte Urbanowicz, D.C., 24 F.2d 574, and Henratty v. Zerbst, D.C., 9 F.Supp. 230. Neither decision aids him, for in neither case had there been misconduct during the period of the parole.

The Supervisor's letter has evidentiary value and we may assume it would be conclusive if its contents were not timely shown to be at odds with the facts. But

we know of no statutory or other authority for supposing that the Board was foreclosed from acting upon the true situation after being apprised of it. The conclusive fact was that appellant had violated his parole during the term thereof, thus bringing down on his own head the inevitable statutory consequences. It is immaterial that the conviction for the misconduct did not occur during the parole period, Jarman v. United States, 4 Cir., 92 F.2d 309, 312. Nor need the misconduct be discovered prior to the end of that period; for it is not the issuance of a warrant charging parole violation that tolls the expiration of a minimum sentence, but the misbehavior of the parolee, cf. United States ex rel. Anderson v. Anderson, D.C., 8 F.Supp. 812, 815; Id., 8 cir., 76 F.2d 375; Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808.

Since appellant is lawfully in custody under his original sentence, his petition was properly denied.

Affirmed.