**Charles SCHIFFMAN, Appellant,**

v.

**Fred T. WILKINSON, Warden, United States Penitentiary, McNeil Island, Washington, Appellee.**

No. 14372.

United States Court of Appeals Ninth Circuit.

Nov. 3, 1954.

Jeffrey Heiman, Seattle, Wash., for appellant.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., Guy A. B. Dovell, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before DENMAN, HEALY, and CHAMBERS, Circuit Judges.

HEALY, Circuit Judge.

This case is here on appeal from a denial of the writ of habeas corpus. The only substantial issue relates to the applicability or effect of § 4164, Title 18 U.S.C.A., as amended June 29, 1951, hereafter quoted.

Appellant was by the United States District Court for the Northern District of Texas sentenced to serve a term of 10 years for violation of the Federal Narcotics Act. He began service of the sentence May 6, 1942. He was conditionally released January 22, 1949. On or about March 18, 1951 he committed the crime of engaging in a conspiracy to violate the Narcotics Act. His maximum term under his original sentence expired May 6, 1952. On March 7, 1952 he was indicted on the conspiracy charge. On May 2, 1952—four days prior to the expiration date of the 10-year term—a warrant of retaking was issued by the Parole Board for violation of his conditional release.

Appellant pleaded guilty to the conspiracy charge on November 26, 1952, and was sentenced to a term of three years, the sentence being made by the judge to run concurrently with the remainder of his prior 10-year sentence.[1] The conspiracy sentence was later reduced to 18 months with a recommendation that the reduced sentence be considered by the Parole Board. This 18-month sentence less good behavior terminated February 6, 1954. On that date the Parole Board's warrant for retaking, earlier issued as aforesaid, was executed by taking appellant into custody, and he is now serving the unserved portion of the 10-year sentence.

The relevant statutes are set out on the margin.[2]

1. As to the lack of authority in the district court to provide that the unexpired portion of the 10-year sentence was to run concurrently with the sentence pronounced on the conspiracy charge, consult Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399; Tippitt v. Wood, 78 U.S.App.D.C. 332, 140 F.2d 689; Hammerer v. Huff, 71 App.D.C. 246, 110 F.2d 113; Tippitt v. Squier, 9 Cir., 145 F.2d 211.

Here the Parole Board, as was within its sole discretion, did not recognize the district court's attempt to require the 10-year sentence to be served concurrently with the conspiracy sentence. No question is raised now on this point, apparently because it was regarded as settled by the above decisions.

2. 18 U.S.C.A. § 4205:

"A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

18 U.S.C.A. § 4164 (as it was prior to the amendment of June 29, 1951) reads:

"A prisoner having served the term or terms for which he shall have been sentenced after June 29, 1932, less good time deductions, shall upon release be treated as if released on parole, and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms for which he was sentenced. * * *"

18 U.S.C.A. § 4164 (as amended June 29, 1951):

"A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days. * * *"

We here note in passing the provisions of a general statute relied on to some extent in the government's brief, namely 1 U.S.C.A. § 109. In substance, this law states that the repeal of any statute shall not have the effect to release or extinguish any penalty, etc., under such statute unless the repealing act expressly so provides; and such statute shall be treated as remaining in force for the purpose of sustaining enforcement of such penalty, etc. For reasons presently to appear we think it unnecessary to consider the effect of this statute.

Appellant argues that the June 29, 1951 amendment of section 4164 applies, and he asserts that under this amendment his maximum term less 180 days expired on November 8, 1951. Since the Parole Board's warrant of retaking was issued subsequent to November 8, 1951, he says the warrant was void under 18 U.S.C.A. § 4205, quoted in footnote 1 supra.

■ The position of the government on oral argument is that the June 29, 1951 amendment of section 4164 is in effect a minimum-term statute. Legislative history confirms such interpretation, see 1951 U. S. Congressional Code Service 1544-47. It appears that the purpose of Congress was to avoid the cost of returning conditional releasees to serve less than 180 days, and to reduce the burden on the Parole Board personnel by ending parole supervision of them 180 days before their sentences would normally expire. It was clearly not the intention to relieve such releasees from penalties attaching to violations of conditional releases occurring *before* the 180-day period begins. From this it follows that if a breach of parole occurs during the minimum sentence created by the statute (that is, the maximum term less 180 days) the conditionally released convict occupies a position analogous to that of an escaped prisoner. See Anderson v. Corall, 263 U.S. 193, 196, 44 S.Ct. 43, 68 L.Ed. 247; Zerbst v. Kidwell, 304 U.S. 359, 361, 58 S.Ct. 872, 82 L.Ed. 1399. The authority of the Parole Board to issue a warrant of retaking based on such

an offense continues until the expiration of the maximum sentence. United States ex rel. Anderson v. Anderson, D.C., 8 F.Supp. 812. As this court observed in Klinkner v. Squier, 9 Cir., 144 F.2d 490, 491, "it is not the issuance of a warrant charging parole violation that tolls the expiration of a minimum sentence, but the misbehavior of the parolee".

■ The facts bring appellant within this rationale. He committed the offense which violated his conditional release on March 18, 1951, whereas his minimum term under the amended section 4164 did not expire until November 8, 1951. Since his maximum term did not expire until May 6, 1952, the warrant of retaking issued four days prior to that date was valid.

Affirmed.