**Donald E. MOORE, Petitioner,**

v.

**J. O. KEARNEY, Warden, Federal Correctional Institution, Texarkana, Texas, Respondent.**

**Civ. A. No. 2069.**

United States District Court
E. D. Texas, Tyler Division.

June 18, 1956.

**840**

Donald E. Moore, pro se.

William M. Steger, U. S. Atty., Harlon E. Martin, Asst. U. S. Atty., Tyler, Tex., for respondent.

SHEEHY, Chief Judge.

On April 16, 1952, in Criminal Action No. 7754 in the United States District Court for the Western District of Tennessee, petitioner was convicted upon his plea of guilty of a violation of the Mann Act and was sentenced to 3½ years in prison. On September 27, 1954, petitioner, in Criminal Action 2053 in the United States District Court for the Northern District of Florida, was convicted on his plea of guilty of the offense of conspiracy to violate certain prison rules and regulations and was sentenced to prison for one year and one day with that sentence to run consecutively to the sentence previously imposed in the Western District of Tennessee and above referred to. Under those two sentences

petitioner was sentenced to prison for the total period of four years, six months and one day. On December 19, 1955, petitioner was granted a conditional release from the United States Penitentiary at Atlanta, Georgia. At the time of his release there remained 302 days of imprisonment that was unserved. Because petitioner violated the conditions of his release from prison the United States Board of Parole, as it had the right to do,[1] issued a warrant for the arrest and retaking of petitioner and directed the officer executing said warrant to deliver the petitioner to the Federal Correctional Institution at Texarkana, Texas, where petitioner is presently detained by respondent. This warrant was issued on February 16, 1956, and on February 29, 1956, petitioner was delivered to the Federal Correctional Institution at Texarkana, Texas.

 Title 18 U.S.C. § 4164, as amended June 29, 1951, provides in part as follows:

"A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days."

Petitioner contends in his petition for Writ of Habeas Corpus herein and as the basis of the relief prayed for in said petition that in light of the above quoted provisions of Title 18 U.S.C. § 4164 he cannot be detained for a length of time exceeding 302 days less 180 days. If petitioner is correct in this contention, he is entitled to be released at this time. However, the petitioner has erroneously interpreted the quoted provisions of said Sec. 4164. Title 18 U.S.C. § 4207 clearly provides that a prisoner in the position petitioner is in may be required to serve all or any part of the remainder of the term for which he was originally sentenced. This provision of Sec. 4207 was never in anywise amended or chang-

---

1. Title 18 U.S.C. § 4205.

ed by the amended provisions of Sec. 4164 above quoted.[2]

Since petitioner has not completed serving the 302 days remaining unserved on his original sentences at the time of his conditional release, petitioner's Petition for Writ of Habeas Corpus is wholly without merit and will be denied.

2. Schiffman v. Wilkinson, 9 Cir., 216 F.2d 589, and Shepherd v. United States Attorney General, D.C., 108 F.Supp. 13.