J. C. **TAYLOR,** Warden, United States Penitentiary, Leavenworth, Kansas, Appellant,

v.

Sherman A. **GODWIN,** Appellee.
No. 6365.

United States Court of Appeals
Tenth Circuit.
Nov. 4, 1960.

---

David Rubin, Washington, D. C. (Joseph M. F. Ryan, Jr., Washington, D. C., Wilbur G. Leonard, Topeka, Kan., and Harold H. Greene, Washington, D. C., were with him on the brief), for appellant.

Thomas W. Whittington, Denver, Colo., for appellee.

Before MURRAH, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

MURRAH, Chief Judge.

This appeal in a habeas corpus proceedings involves the asserted authority of the United States Board of Parole to issue a parole violator warrant for the retaking of the petitioner-appellee to serve an unexpired term of his sentence. The authority depends upon the con-struction of section 4205, Title 18, U. S.C., which provides in material part that "A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole * * * within the maximum term or terms for which he was sentenced," and section 4164, Title 18 U.S.C. which provides that "A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days."

The pertinent facts are that appellee was conditionally released from a federal penitentiary before the expiration of his maximum term pursuant to 18 U.S.C. § 4163, "as if on parole" under 18 U.S.C. § 4164. While in parole status, i. e., more than 180 days before the expiration of the maximum term for which he was sentenced, appellee violated the terms of his parole. Within 180 days of the expiration of his maximum term and after the statutory period of his parole, the Board issued a violator warrant. Appellee was thereafter arrested, his release was revoked and he was committed to the custody of the Attorney General to serve the remainder of his unexpired term.

Being confined in the United States Penitentiary in Leavenworth, Kansas under the sentence, he petitioned for writ of habeas corpus, contending that the authority of the Board to issue a parole violator warrant under section 4205 was coexistent with the period of his parole under section 4164, and that the Board was therefore without authority to issue the warrant after the expiration of the parole period, albeit, within the maximum term for which he was sentenced. The trial court agreed and granted the writ.

The government has appealed contending that having committed a violation while still in parole status, the appellee was subject to being retaken under section 4205 upon a warrant issued any time

"within the maximum term  *  *  *  for which he was sentenced."

The Ninth Circuit was faced with an identical fact situation in Schiffman v. Wilkinson, 216 F.2d 589. After reviewing the history of the 1951 Amendment to section 4164, the court concluded that "It was clearly not the intention to relieve such releasees from penalties attaching to violations of conditional releases occurring before the 180-day period begins," and that the authority of the Parole Board to issue a violator warrant for a violation during the parole period continued until the expiration of the maximum term. Id. at page 591. The rationale for this construction of the relevant statutes is fully and convincingly developed by Judge Nordbye in United States ex rel. Anderson v. Anderson, D. C., 8 F.Supp. 812. He reasoned that a prisoner acquired no vested right in his parole status until earned by its observance to the very end; that since a conditional release, as if on parole, is based upon the statutory allowance of good time and conditioned upon continued good behavior for the life of the parole, a violation during the period of parole worked a forfeiture and operated to reinstate the sentence. In other words, "It is not the issuance of a warrant charging parole violation that tolls the expiration of a minimum sentence. It is the misbehavior and bad conduct of a parolee, and if it be regularly determined prior to the expiration of his maximum term that the contingency did not become vested, due to misconduct, then the parole may be revoked, the good time lost, and the prisoner may be required to serve his full term." Id. at page 815. And see also Christianson v. Zerbst, 10 Cir., 89 F.2d 40, 42.

Appellee cites Sprouse v. Settle, 274 F. 2d 681, wherein the Eighth Circuit used language which may be susceptible to a different construction of the statutes. But that case does not involve the precise question presented here and moreover, it cites Schiffman v. Wilkinson, supra, with apparent approval. In any event, it is clear to us that section 4205,

when construed with section 4164, authorizes the Board to issue a parole violator warrant for the retaking of a prisoner for a parole violation any time within the maximum term for which he was sentenced.

The judgment is reversed.