**J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellant,**

v.

**Ruby D. GILL, Appellee.**

**No. 6502.**

United States Court of Appeals Tenth Circuit.

Jan. 19, 1961.

Wilbur G. Leonard, U. S. Atty., Topeka, Kan., for appellant.

Steve P. Kinney, II, Denver, Colo., for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

The Warden of the United States Penitentiary at Leavenworth, Kansas, appeals from an order granting a petition for a writ of habeas corpus and directing the release of the petitioner Gill from his custody.

The question presented relates to the authority of the United States Board of Parole to issue a parole violator's warrant for the arrest of the petitioner for the purpose of requiring him to serve the remainder of his sentence. After being conditionally released from the aforesaid penitentiary, the petitioner was arrested and recommitted for a parole violation occurring more than 180 days before the expiration of his maximum term upon a warrant issued within the 180-day period. The trial court held that under the provisions of 18 U.S.C.A. § 4164,[1] the Parole Board did not have jurisdiction to issue a warrant and retake a conditionally released prisoner after the expiration of his maximum

---

1. 18 U.S.C.A. § 4164 provides:
   "A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days."

term less 180 days. Under similar facts, we held to the contrary in Taylor v. Godwin, 10 Cir., 284 F.2d 116, and Taylor v. Portwood, 10 Cir., 284 F.2d 952.

Reversed.