**Robert M. MASON, Petitioner,**

v.

**Warden FITZPATRICK of the Federal Detention House, N. Y., U. S. Parole Board and/or U. S. Attorney General, Respondents.**

United States District Court
S. D. New York.
May 8, 1964.

Robert M. Mason, pro se.

Robert M. Morgenthau, U. S. Atty., for the S. D. of New York, New York City, for respondents; Michael W. Mitchell, Washington, D. C., of counsel.

WEINFELD, District Judge.

Petitioner seeks his release on a writ of habeas corpus, contending that his continued imprisonment for violation of parole is illegal since he has fully served his time. He was sentenced to a four-year term on May 26, 1960 for violation of 18 U.S.C. § 495 (forging United States Treasury check). On April 18, 1963 he was granted a conditional release, at which time 403 days remained of his original sentence. On August 28, 1963 he was arrested by New York City authorities on a charge of forgery. On September 11, 1963 a warrant was issued by the United States Board of Parole for retaking of the petitioner for viola-tion of the conditions of his release. The warrant was executed on January 10, 1964.

Petitioner challenges his continued detention thereunder on two grounds: First, that he is entitled to credit for the 132 days when he was out on parole—that is, from the date of his conditional release to the date of his arrest. Second, that he is entitled to an additional 180 days under section 4164 of Title 18 which provides that a prisoner having served his term, less good-time behavior, shall "upon release be deemed as if released on parole until the expiration of the maximum term * * * for which he was sentenced *less one hundred and eighty days.*" (Emphasis supplied.) Accordingly he argues that the time he was "to remain under supervision is in legality 403 days minus 180 days, leaving a total of 223 days." If his claims are correct, credit for these 180 days plus the 132 days he was under parole supervision would mean he should have been released from confinement on April 10, 1964.

██ Neither contention finds support in the law or adjudicated cases. His parole violation was committed prior to 180 days before his maximum sentence expired. In this circumstance he is not entitled to the benefit of the 180 days.[1] As to the period he was a parolee, 18 U.S.C. § 4205 provides that a parole violator retaken under a warrant of a parole board shall commence serving an unexpired term from the date he is returned to custody, "and the time the prisoner was on parole shall not diminish the time he was sentenced to serve." Accordingly, the 132 days he was out on conditional release and under parole supervision may not be deducted so as to shorten or commute the original term imposed.[2]

The petition for the release of petitioner under a writ of habeas corpus is denied.

1. Schiffman v. Wilkinson, 216 F.2d 589 (9th Cir. 1954), cert. denied, 348 U.S. 916, 75 S.Ct. 299, 99 L.Ed. 719 (1955); Moore v. Kearney, 141 F.Supp. 839 (E.D. Tex.1956).

2. See Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247 (1923); Singleton v. Looney, 218 F.2d 526 (10th Cir. 1955).