### HOGAN v. ZERBST, Warden.
### No. 8947.

Circuit Court of Appeals, Fifth Circuit.

Feb. 9, 1939.

Harold C. Hogan, in pro. per.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger and J. Ellis Mundy, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment dismissing a writ of habeas corpus and remanding the prisoner to the custody of the warden of the Atlanta penitentiary. The material facts shown by the record are these:

Appellant began serving a sentence of four years in a Federal jail on November 7, 1931. He was released on parole December 5, 1933. While on parole he was arrested in the state of Arkansas and charged with aiding four other men in a robbery. His participation in the robbery consisted in conveying the robbers away from the scene of the crime, after it had been committed, for which he received $200. On July 23, 1935, while the state charge was pending, a parole warrant was issued for his arrest and placed with the state sheriff as a detainer. The criminal proceedings in the state court dragged along but were finally terminated in favor of appellant by the entering of a nolle prosequi of the indictment. In the meantime he had been reporting regularly to the Federal probation officer and continued to do so after the termination of the state charge. Part of this time he was in jail under the state charge and part of the time he was enlarged on bail. After the termination of the state case the parole warrant was executed, appellant was rearrested on August 12, 1937, and is held to serve out the balance of his Federal sentence.

While awaiting trial under the state charge appellant was either actually or constructively in custody of the state court which had authority to detain him. The facts show reasonable ground for revoking his parole although he was not convicted under the state charge. The Parole Board had jurisdiction over appellant

when the parole warrant was issued. Had he then absconded delay in his ultimate arrest would not have prevented revocation of his parole nor the service of the unexpired portion of his sentence. Though appellant was not serving a sentence, the pending criminal proceedings in the state court had the effect of preventing the exercise of jurisdiction by the Parole Board. We find no legal grounds for interfering with the discretion of the Parole Board in this case. Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247; Zerbst v. Kidwell, 304 U.S. 359, 58 S. Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808.

The record presents no reversible error. Affirmed.