## MILLER v. HIATT, Warden.
### No. 147.

District Court, M. D. Pennsylvania.
Aug. 7, 1943.

No appearances entered.

JOHNSON, District Judge.

The petitioner, Edward Harris Miller, has filed a petition for a writ of habeas corpus. The facts, as they appear from the allegations in the petition, are that, having served a penitentiary sentence less good time, he was conditionally released subject to the parole provisions of 18 U.S. C.A. 716b; that, while thus conditionally released under parole supervision, a parole violation warrant issued and he was also during this period charged with and convicted of another crime and is now serving a penitentiary sentence imposed thereunder. The parole violation warrant has been lodged against him in the nature of a detainer. His contention is that this warrant cannot be thus lodged as a detainer and served after he has completed the service of his present sentence.

 The petitioner is at the present time legally restrained of his liberty under a sentence imposed by the United States District Court and which sentence is not in question in his present petition for habeas corpus; and whether or not a warrant lodged as a detainer is valid or may be served after he has completed the service of his present sentence is not the proper subject of a proceeding in habeas corpus. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

The present petition is, however, in any event without merit. That the Parole Board may withhold the execution of a warrant for violation of parole while a parolee is serving another sentence is precisely the issue decided in Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808.

The petition for a writ of habeas corpus is dismissed and the writ denied.