Application of George GILLETTE For Leave To Have a Hearing Before The United States Board of Parole.

Misc. No. 2224.

United States District Court
E. D. New York.

July 20, 1959.

Jerome Lewis, Brooklyn, N. Y., for petitioner, for the motion.

Cornelius W. Wickersham, Jr., U. S. Atty., by Marie McCann, Asst. U. S. Atty., Brooklyn, N. Y., in opposition.

RAYFIEL, District Judge.

The petitioner has moved for an order directing the United States Board of Parole to grant him a prompt hearing and adjudication of the charge that he had violated the conditions of his parole, and directing the Warden of the Federal Detention Headquarters in New York City to retain him there until the determination of this application.

Section 4207 of Title 18, United States Code, the basis of this application, reads, in pertinent part as follows:

"A prisoner, *retaken upon a warrant issued by the Board of Parole*, shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board" (Emphasis added). It is not disputed that upon such appearance before the Board a prisoner is entitled to a prompt hearing. Mac Aboy v. Klecka, D.C., 22 F.Supp. 960.

These are the facts in the case. The petitioner, having been convicted of conspiracy and the interstate transportation of counterfeit American Express Travelers checks, was sentenced on March 7, 1950 to imprisonment for a term of 10 years. He was conditionally released on June 15, 1956. On October 22, 1958 he was arrested and charged with the possession of an unregistered still and other violations of the Internal Revenue Laws. After his arraignment before a United

States Commissioner in this district upon said charges, and the fixing and posting of bail, he became a fugitive. His whereabouts remained unknown until March 20, 1959, when he was re-arrested. A warrant charging him with the violation of the terms of his conditional release was issued by the Parole Board on January 24, 1958, but was not served on the said Warden until on or about March 31, 1959. In the interim he was charged with the unlawful possession of a still in the Southern District of New York, and on April 21, 1959, on his plea of guilty to said charge, Judge Murphy sentenced him to imprisonment for a term of two years. Prior to the imposition of said sentence he entered a plea of guilty to a five-count indictment charging him with the crimes for which he had been arrested on October 22, 1958, and on May 29, 1959 I imposed a fine of $100 and a prison sentence of two years on each of Counts 1, 2 and 3 of said indictment, and a prison term of four years on each of Counts 4 and 5 thereof, all of said prison sentences to run concurrently with each other and with the sentence of two years imposed upon the petitioner by Judge Murphy on April 21.

The Government contends that this Court is without jurisdiction to pass upon the petitioner's application. I am inclined to agree. Neither the Parole Board nor the Warden is within the Eastern District of New York. Nor is the petitioner confined therein. The action in this district which resulted in his confinement is no longer pending.

But apart from the question of jurisdiction the petitioner's application lacks merit. He contends that the failure of the Parole Board to grant him a prompt hearing of the charge that he had violated the condition of his parole and to determine the additional time, if any, he would be required to serve for such violation, removed the possibility that the judges who imposed the sentences of April 21 and May 29 might have directed that they be served concurrently with the additional time he might have been required to serve as a result of his violation of parole.

After the imposition of sentence by me on May 29 the warrant for petitioner's violation of parole, which had been served upon the Warden of Federal Detention Headquarters in the nature of a detainer, was returned unexecuted to the Board of Parole. It had never been served upon the petitioner and he was never arrested thereunder. He was, and still is, confined in said Headquarters under the aforementioned sentences, and is not "a prisoner retaken upon a warrant issued by the Board of Parole", as prescribed in Section 4207, supra, under which the petitioner's application is made. See Miller v. Hiatt, D.C., 50 F. Supp. 915 and Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, cited therein.

The case of Adams v. Hudspeth, 10 Cir., 121 F.2d 270, cited by the petitioner in support of his application, sustains, instead, the Government's position, for the Court there said, at page 272, "During the period for which appellant was sentenced for the new and different offense, he was not in legal custody * * upon the parole violator's warrant. Jurisdiction of the Board of Parole over the appellant under the original sentence was effectively interrupted and suspended by his confinement under the latter offense. Service of the two sentences was not concurrent. He occupied the legal status of an escaped convict, or as if he had not been apprehended."

The case of Chieppa v. Krimsky, D.C., 169 F.Supp. 337, by the petitioner, is inapposite.

The petitioner's motion is denied.

Settle order on notice.