**UNITED STATES of America**

v.

**John Douglas WILES.**

**No. 8731.**

United States District Court
S. D. West Virginia,
at Huntington.

Sept. 30, 1961.

Duncan W. Daugherty, U. S. Atty., and Ned O. Heinish, Asst. U. S. Atty., Huntington, W. Va., for plaintiff.

C. Robert Schaub, Huntington, W. Va., for defendant (John Douglas Wiles, per se, on the brief).

HARRY E. WATKINS, District Judge.

Proceeding in forma pauperis by leave of court, the defendant, by motion under 28 U.S.C. § 2255, has asked this court to set aside or to correct its sentence of fifty-eight months imprisonment im-

posed upon him on August 5, 1960, pursuant to the information filed against him on June 24, 1960, charging that on or about June 9, 1960, he did forcibly break into a post office of the United States at Lesage, Cabell County, West Virginia, with intent to commit larceny in such post office, in violation of 18 U.S.C. § 2115.

There is no dispute as to the material facts. Defendant was physically before this court on June 24, 1960, at which time he, with court-appointed counsel to advise him, executed a waiver of indictment, a waiver of attorney (although he was actually advised by court-appointed counsel) and entered a plea of guilty to the information filed against him. An order to this effect was thereupon entered by this court and it was therein clearly adjudged that defendant's plea of guilty was accepted and he was thereupon convicted. The court took time to consider the sentence to be imposed as a result of this conviction.

At the time of his arrest by the federal authorities, defendant was on parole from a sentence of one to fifteen years imposed by the Franklin County, Ohio, Court for the crime of burglary. Until his arrest by the federal authorities, the Ohio Bureau of Probation and Parole had no knowledge of his whereabouts and had considered him a parole violator since March 30, 1960. Upon learning of his arrest, the Ohio authorities forwarded their warrant to the federal authorities in Huntington and this was filed against the defendant.

■ In the first part of his motion the defendant alleges in substance that his sentence and the subsequent detention thereunder are illegal and must be set aside because he is and has been under the jurisdiction of the State of Ohio by virtue of his state conviction and subsequent parole under the supervision of state authorities. Thus, contends the defendant, the United States did not, does not, and cannot have jurisdiction over him to pass and carry out the sentence herein complained of. In the second part of his motion, the defendant

contends that his two sentences (one in the state court and the other imposed by this court) should run concurrently instead of consecutively, no provision to the contrary being made in the sentence imposed by this court. He asks that the federal sentence be altered accordingly. These contentions will be dealt with in turn.

To get to the heart of defendant's first contention, that this court lacked jurisdiction because of his Ohio parole status, it is necessary to examine the petition. It alleges generally that the action of this court and the imprisonment attendant thereto are in violation of the defendant's constitutional rights under the Fourteenth Amendment. The petition then reads:

"Your movant states that he is in the jurisdiction of another Sovereignty the state of Ohio * * * and that the state of Ohio acquired Jurisdiction of the movant first initially and before the United States of America in point of time. That the state of Ohio has not relinquished nor waived its Jurisdiction over movant and said state authorities has not exhausts (sic) its remedy or has wrought its function * * * Movant had been under state custody since December 1958, and was still under the state custody * * * at the time he was tried by the Federal authorities."

The major case upon which the defendant relies is Grant v. Guernsey, 10 Cir., 1933, 63 F.2d 163. This case held that a federal probationer was in such a degree of custody by the federal authorities that their permission must be obtained before a state court could try him for a state offense. Petitioner conversely argues that his Ohio parole status kept him in the custody of the state authorities, and that the Federal court was without power to act against him until that custody was terminated either by passage of time or by permission of the State of Ohio.

■ Defendant does not, nor could he successfully, challenge the elementary

principle that one who has violated both state and federal laws is subject to punishment both by state and federal authorities. Defendant was clearly within the jurisdiction of this court with relation to the locale where the federal crime was committed. While on state parole, he was arrested by federal officers. The state authorities did not ask for his custody. He was personally before this court at every stage of the procedure which lead to his incarceration, and each stage of this procedure was regular insofar as his constitutional rights were concerned. His objection is, therefore, not in these areas. Rather, his objection simply is that the federal authorities may not proceed against him until the state authorities have finished with him. Thus, he complains of the sequence in which he is punished. This is hardly a constitutional objection. On the contrary, it is an objection which a prisoner is not privileged to raise.

▪ So long as it is clear that a prisoner is subject to punishment by two sovereignties, he has no standing to complain of the arrangements, express or tacit, made between those sovereignties as to the sequence in which they will proceed in punishing him. There have been many habeas corpus proceedings brought by prisoners using the same theory as in the instant case. And in these cases the courts have usually started with a statement that the prisoner has no standing to complain of the arrangements made by two sovereigns as to the sequence of punishment. Then the cases have proceeded to discuss the merits of the contention that a parole or probation status amounts to such custody that another sovereign must stay its punishing hand until that status is eliminated or until it has received the consent of the sovereign which imposed the status. All reported cases on this subject are reviewed by Judge James Alger Fee in a well considered opinion. Strand v. Schmittroth, 9 Cir., 1957, 251 F.2d 590, certiorari dismissed, 1957, 355 U.S. 886, 78 S.Ct. 258, 2 L.Ed.2d 186, was a habeas corpus proceeding brought by a federal probationer to prevent a state court from proceeding against him while he was on federal probation. The district court granted the writ and the state authorities appealed.

Running through the appellate decision is the holding that the prisoner has no right to raise the question and the implication that the merits of the question may properly be passed upon only when one of the interested sovereigns raises it:

"Where two sovereigns each claim the right to proceed against him, the respective officers dispose of the matter without consulting him. (the accused) He has no right or privilege to be consulted or heard. (citing Ponzi v. Fessenden, 1922, 258 U.S. 254, 260, 42 S.Ct. 309, 66 L.Ed. 607). In practice, he is not consulted, since it is properly assumed that the sovereigns only are concerned with disposition of the criminal charges." 251 F.2d at page 595.

"This principle has been excellently expressed in the following excerpt:

" 'A person who has violated the criminal statutes of both the federal and a state government may not complain of the order in which he is tried or punished for such offenses. The interested sovereigns may arrange the order of trial and punishment according to their convenience.' (citing cases)

"All the cases which assume or find consent by one sovereign to prosecution of a prisoner by another are predicated upon the axiom that the prisoner has no right of choice in the matter." 251 F.2d at page 610.

But then the district court was reversed on entirely different grounds. It was reversed because it had no right to grant the writ since the defendant was in the physical custody of the state authorities, and physical custody was said to be the controlling criterion to the exclusion of any other type of so-called limited cus-

tody like probation or parole. Thus, the case held, that one placed on probation by one sovereign could be tried and imprisoned by another sovereign without interference so long as the latter sovereign had physical custody of the accused.

 Since 28 U.S.C. § 2255 was intended to confer no broader right of attack than might have been made in its absence by habeas corpus, Dockery v. United States, 4 Cir., 1956, 237 F.2d 518, certiorari denied, 353 U.S. 912, 77 S.Ct. 670, 1 L.Ed.2d 666, the habeas corpus cases are germane here. This court holds that the defendant has no right to make this claim in the first instance and if he had such right, there is no merit in his claim. Since it is clear that both sovereigns have the right to punish defendant for crimes he has committed against their laws, and since it is also clear that every constitutional right of the defendant was honored before this court, the defendant has no standing to complain of the sequence in which the sovereigns punish him. All other jurisdictional elements being proper, physical custody is the criterion to be followed when two sovereigns are competing for the right to incarcerate a prisoner—i. e. the sovereign which has the prisoner in physical custody may proceed to imprison him and the consent of another sovereign which may have paroled him, placed him on probation, or even let him out on bail is not necessary. When a sovereign which has physical custody of a prisoner surrenders him to another sovereign for disposition, it does so only through comity and not through compulsion. It is important to note that the case upon which defendant relies, Grant v. Guernsey, supra, was severely criticized and was unequivocally repudiated in the same circuit where it originated. See Stewart v. United States, 10 Cir., 1959, 267 F.2d 378, certiorari denied, Merriman v. Stewart, 1959, 361 U.S. 844, 80 S.Ct. 97, 4 L. Ed.2d 83.

Defendant's second point is raised in the wrong forum. He argues that his federal sentence should run concurrently with rather than consecutively to his state sentence since no provision to the contrary was made in the federal sentence. But the federal court has no right to affect his state sentence. The real question is whether his state sentence is running concurrently with or consecutively to his federal sentence. Only the state court can answer this and the defendant will have to take that matter up with the state authorities when he is released from federal custody.

The above is adopted as the findings of fact and conclusions of law of the court. The petition is dismissed.