UNITED STATES of America ex rel. Henry BREWER, Appellant,

v.

James F. MARONEY, Superintendent, State Correctional Institution at Pittsburgh, Pa.

No. 14111.

United States Court of Appeals Third Circuit.

Argued Feb. 8, 1963.

Decided April 8, 1963.

William M. Goldstein, Philadelphia, Pa., for appellant.

Frank P. Lawley, Jr., Deputy Atty. Gen., Harrisburg, Pa. (David Stahl, Atty. Gen., Harrisburg, Pa., on the brief), for appellee.

Before KALODNER, STALEY and SMITH, Circuit Judges.

STALEY, Circuit Judge.

The primary question presented by this appeal is whether a Federal parolee can, during the period of his parole, be taken into custody by state officials and incarcerated for violating a state parole order which antedates his Federal conviction. Appellant's contention that such action violates the principle of comity was rejected by the district court, and his petition for a writ of habeas corpus was refused.

The following pertinent facts have been gleaned from the original petition presented in letter form to the district court and from the briefs which have been filed in this court. After serving a portion of a sentence imposed by the Court of Oyer and Terminer of Allegheny County, Pennsylvania, appellant was released on parole on May 10, 1952. In August, 1954, he was arrested in Detroit, Michigan, by the local police on suspicion of check forgery and was turned over to agents of the Federal Bureau of Investigation. The Pennsylvania Board of Parole, informed of his incarceration in Detroit, issued a warrant for his arrest, but the warrant was never executed. On January 10, 1955, he was sentenced by the United States District Court for the Eastern District of Michigan to two concurrent ten-year terms of imprisonment on his plea of guilty to the offense of interstate transportation of forged securities. On June 20, 1961, he was paroled from the Federal prison at Lewisburg, Pennsylvania, the parole to end on July 13, 1964. He was then taken into custody by the Pennsylvania Board of Parole as a parole violator and is presently confined in the State Correctional Institution at Pittsburgh.

Appellant urges that because he is presently subject to Federal jurisdiction by reason of his ten-year sentence and parole thereunder, the Commonwealth of Pennsylvania is precluded from asserting jurisdiction over him. This is said to violate the principle of comity, or alternatively, the supremacy clause of the Federal Constitution. In support of this contention, he relies mainly on Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607 (1922), and Grant v. Guernsey, 63 F.2d 163 (C.A.10), cert. denied, 289 U.S. 744, 53 S.Ct. 688, 77 L.Ed. 1491 (1933).

There is no quarrel with the argument that one on parole is nevertheless subject to the jurisdiction of the sovereign which placed him on parole. Indeed, the Supreme Court has recently held that a parolee, although not within the actual or physical custody of the state, is sufficiently within its "custody" as that term is used in the Habeas Corpus Statute, 28 U.S.C.A. § 2241, to invoke the Great Writ as a means of attacking his original judgment of conviction. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). However, this does not mean that another sovereign is precluded from asserting jurisdiction over him for violation of its own parole order. Such a transgressor can hardly be said to have standing to raise a question which is of interest only to the sovereigns involved. As stated in Ponzi v. Fessenden, 258 U.S. at 260, 42 S.Ct. at 310:

"One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may

also subject him to conviction of crime against it. In re Andrews, 236 Fed. 300; United States v. Marrin, 227 Fed. 314. Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it."

Though the decision in that case was based on the waiver of custody by the Federal officials, it has been held that one in the position of the present appellant has no standing to raise the issue he now presents. Strand v. Schmittroth, 251 F.2d 590, 609–610 (C.A.9, 1957); United States v. Wiles, 198 F.Supp. 177 (S.D.W.Va., 1961), aff'd per curiam, 303 F.2d 784 (C.A.4, 1962).

In both of the cited cases the court not only challenged the standing of the petitioner, but held that the sovereign with physical possession has the absolute right to assume jurisdiction, notwithstanding the fact that the petitioner is subject to a prior probation or parole order of another sovereign. The dicta of the court in Schmittroth, in emphasizing this point, to the effect that "habeas corpus will not lie where the person is not in physical custody," 251 F.2d at 602, has no doubt been overruled by the Supreme Court in Jones v. Cunningham, supra. However, the basic holding of that case, i. e., that state authorities are not precluded from assuming jurisdiction merely because the individual is on Federal probation, is sound and has not been impaired.

As urged by appellant, the court in Grant v. Guernsey, 63 F.2d 163, reached an opposite conclusion. However, that decision has been overruled in its own circuit by Stewart v. United States, 267 F.2d 378 (C.A.10), cert. denied sub nom. Merriman v. Stewart, 361 U.S. 844, 80 S.Ct. 97, 4 L.Ed.2d 83 (1959). There, the court said, at 381:

" * * * And when a federal court enlarges an accused on probation, it does not thereafter during the period of probation have sole jurisdiction over him in the sense that

state authorities are precluded from taking him into custody upon a charge of violating the criminal law of the state. In other words, when a federal court places an accused on probation, he is not immune during the period of probation from prosecution for a criminal offense under state law. * * *"

We can perceive no basis for distinguishing between the order of probation in that case and the order of parole in the case at bar. In either, there is a limited measure of control over the person who has been released from physical custody.

There is another flaw in appellant's conceptualistic view of the nature of jurisdiction. For if the sovereign which first obtained jurisdiction of him retained it exclusively even after he had been released on parole, the Federal authorities were precluded from trying him in 1955. This is so because at that time he was subject to the prior order of the Pennsylvania Board of Parole. To meet this argument appellant urges that the state permitted the Federal officials to take jurisdiction over him. Apparently he seeks to equate the inaction of the state with the waiver of jurisdiction sanctioned in Ponzi v. Fessenden, supra. However, if inaction is to be equated with waiver, the failure of the Federal authorities to object to his incarceration by the state in 1961 also constituted such a waiver.

Appellant's other objections are that Pennsylvania did not execute the warrant of arrest issued in 1954, that he was informed there were no detainers against him when he was sentenced by the district court in 1955, and that he was transferred from the Federal prison in Leavenworth, Kansas, to that in Lewisburg, Pennsylvania, thereby enabling the state authorities to gain custody of him when he was released on parole. The mere recitation of these allegations belies the assertion that he has been deprived of his liberty without due process of law. It is difficult to see that appellant suffered any legal prejudice by this conduct, let alone that his constitutional rights were violated. The other point urged was not raised in the district court, and we do not consider it here.

The order of the district court will be affirmed.