Anthony Richard AVELLINO, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 321, Docket 28545.

United States Court of Appeals
Second Circuit.

Argued Feb. 14, 1964.

Decided April 15, 1964.

Charles Haydon, New York City (Dublirer & Haydon, New York City, on the brief), for appellant.

Raymond B. Grunewald, Asst. U. S. Atty., Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty., for the Eastern District of New York, Brooklyn, N. Y., on the brief), for appellee.

Before LUMBARD, Chief Judge, and WATERMAN and FRIENDLY, Circuit Judges.

LUMBARD, Chief Judge.

■ The question for decision is whether the United States Board of Parole warrant was valid within the meaning of 18 U.S.C. § 4205, in view of the fact that the warrant was not executed until after the parolee's original sentence had expired. We find there was compliance as the delay in executing the warrant was reasonable. Accordingly, we affirm the order of the district court which dismissed Avellino's petition for habeas corpus.

The warrant here in question was issued for the purpose of retaking Avellino for violation of his parole. Avellino had been convicted of armed robbery in the United States District Court for the Western District of Pennsylvania, and on June 13, 1952 he was sentenced for a term of nine years. The conviction was affirmed, United States v. Avellino, et al., 216 F.2d 875 (3 Cir. 1954). He was released on parole on November 4, 1957, with more than 3½ years remaining of the term originally imposed.

On September 24, 1960, at about 4:45 A.M., a pedestrian was killed by a hit-and-run car in New York City. Avellino was found by the police about five minutes after the accident in or near the car that caused the death. It was later ascertained the car was stolen. On October 1, 1960, Avellino was charged with grand larceny under the fictitious name he gave upon arrest, "John Russo." On October 20, 1960, approximately eight months before the expiration of the original sentence, the Board of Parole issued a warrant to the United States Marshal for the Eastern District of New York. The warrant directed the Marshal to take the paroled prisoner and return him to the Federal Correctional Institution at Danbury, Connecticut. Accompanying the warrant was a printed form listing

several alternatives, one of which directed the Marshal: "If the prisoner is facing a local charge, or is in jail or on bond, withhold execution of the warrant until you receive further instructions from this office." On December 29, 1960, the criminal complaint of grand larceny was dismissed, and on February 23, 1961, Avellino was discharged on "no complaint" in vehicular homicide. Meanwhile charges against Avellino were pending for leaving the scene of the September 24, 1960 accident and on October 24, 1961 he was convicted of this misdemeanor. After several adjournments, requested by the petitioner, he was sentenced on January 31, 1962.

When Avellino filed an appeal from this conviction the Parole Board sent a letter to the United States Marshal directing that further action be withheld pending the New York State appeal. The Appellate Division of the Supreme Court, Second Department, on June 24, 1963, unanimously affirmed Avellino's conviction. The Marshal took Avellino into custody on July 15, 1963.

The Parole Board waited until all the criminal charges filed against Avellino and arising from the September 24, 1960 accident were finally adjudicated. This is in accordance with the practice of the Parole Board where criminal charges are pending against the parolee in a state court. While the Parole Board is not bound by the outcome of the state court proceeding, Hogan v. Zerbst, 101 F.2d 634 (5 Cir. 1939), it would seem to be a sensible deference to the state's prosecution of the charges to await the outcome of those proceedings. This enables the state prosecution to proceed with a minimum of interference and delay. Thus the Parole Board has the benefit of further information which may derive from the state court proceedings. Moreover, the Parole Board preserves its power to require that the state sentence and the remainder of the federal sentence be served consecutively. Cf. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.

Ed. 1399, Schiffman v. Wilkinson, 216 F. 2d 589 (9 Cir. 1954), cert. denied, 348 U.S. 916, 75 S.Ct. 299, 99 L.Ed. 719 (1955).

Indeed, the policy of deference to state court proceedings had worked to Avellino's advantage on two earlier occasions during his parole. On August 4, 1958, appellant was arrested by New York State authorities for rape and sodomy. A warrant was then issued by the Board of Parole but, as in the instant case, was not immediately executed. Upon notice of acquittal the warrant was vacated. Again, on February 27, 1960, Avellino was arrested for possession of burglary tools. When the charges were dismissed the Board of Parole again did not take action.[1] Finally, on October 20, 1960, in the instant case the Parole Board issued another warrant following the September 24, 1960 events, some eight months before the expiration of the original sentence. In accord with its established policy, the warrant was not executed until the state prosecution had been adjudicated.

While it is true that the Board waited until more than two years after his nine-year sentence on the original charge had expired before they executed the warrant, Avellino never complained of the delay though he had been informd in November 1960 that the warrant had been issued and he knew that it was outstanding. It was entirely reasonable for the Parole Board to hold in abeyance the execution of the warrant until all the charges filed against Avellino were finally determined. Had Avellino been exonerated of the charges it is quite probable that the warrant would never have been executed.

Where, as here, the warrant was issued before the expiration of the maximum term of nine years, the mere fact that the warrant was not executed until after the expiration of the maximum term does not entitle the petitioner to release under a writ of habeas corpus. Taylor v. Simpson, 292 F.2d 698 (10 Cir.

---

1. The record before us does not indicate whether a warrant had been issued.

1961); Taylor v. Godwin, 284 F.2d 116 (10 Cir. 1960), cert. denied, 365 U.S. 850, 81 S.Ct. 814, 5 L.Ed.2d 814 (1961). The petitioner was subject to being retaken under 18 U.S.C. § 4205 upon a warrant issued any time "within the maximum term * * * for which he was sentenced." The warrant was issued within the appropriate time, and the delay in execution was reasonable.

We affirm.