Vito J. ROSSELLO, Petitioner,

v.

**UNITED STATES BOARD OF PAROLE, and Jacob J. Parker, Warden, United States Penitentiary, Lewisburg, Pennsylvania, Respondents.**

Civ. A. No. 9560.

United States District Court
M. D. Pennsylvania.
Dec. 14, 1966.

Vito J. Rossello, pro se.

Bernard J. Brown, U. S. Atty., Scranton Pa., Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., for the respondents.

## OPINION

FOLLMER, District Judge.

Vito J. Rossello, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, instituted this action in the United States District Court for the District of Columbia. That Court entered an Order on March 31, 1966, allowing Rossello to proceed in forma pauperis, and by Order dated July 12, 1966, transferred the action to the Middle District of Pennsylvania. Petitioner appealed the transfer, but the Court of Appeals for the District of Columbia held that Rossello's appeal was frivolous and affirmed the District Court's transfer. Rossello v. U. S. Board of Parole, 367 F.2d 331 (D.C. Cir. Decided September 28, 1966). By Order dated November 3, 1966, this Court stated it would treat this action as a Petition for Writ of Habeas Corpus and added Jacob J. Parker, Warden, United States Penitentiary, Lewisburg, Pennsylvania, as an additional Respondent, since petitioner seeks his release from custody.

The pleadings disclose that on October 8, 1952, Rossello was sentenced by the United States District Court for the Western District of Pennsylvania to a term of imprisonment of ten years for violation of 18 U.S.C. §§ 371, 2113 (bank robbery and conspiracy). On June 5, 1959, Rossello was granted a mandatory release, having earned total deductions of 1,220 days. On July 29, 1960, Rossello was arrested by the New York State Police on a charge of attempted burglary and was subsequently indicted in Suffolk County, New York, for attempted burglary in the third degree and prisoner escape. On August 5, 1960, the United States Board of Parole issued a warrant for the arrest of Rossello. He was re-

leased on bail by the State authorities in August, 1960, which bail was continued until July 9, 1964, at which time the original indictments were dropped and he pleaded guilty to the lesser charge of unlawful entry. On September 14, 1964, Rossello failed to appear for sentencing and a bench warrant was issued for his arrest. On February 24, 1965, Rossello was apprehended by the F.B.I. and arrested under the Parole Board's warrant. On February 25, 1965, Rossello was interviewed by a United States Probation Officer and executed the Parole Board's Attorney-Witness Election Form, admitting his conviction of a crime committed while under supervision, and requesting a revocation hearing after his return to the federal institution. He was subsequently committed to the United States Penitentiary, Lewisburg, Pennsylvania, where he was afforded a parole revocation hearing in May, 1965. On June 15, 1965, Rossello was notified of the revocation of his parole by the Parole Board.

Rossello presents two basic questions: (1) Was the warrant issued prior to October 7, 1962, the expiration date of his original sentence; (2) Was the Parole Board's warrant valid within the meaning of 18 U.S.C. § 4205, in view of the fact that the warrant was not executed until after the original sentence had expired.

As to the first question, this Court has before it a certified copy of the warrant, which warrant on its face shows that it was issued on August 5, 1960. Petitioner presents no positive evidence to show anything to the contrary. In fact, Exhibit #1 D, attached to the petition, is a copy of an affidavit by one William P. Guerra, a United States Probation Officer. In this affidavit it is stated that the "warrant was issued on August 5, 1960, and a copy received in our office on August 6, 1960." Accordingly, there is no doubt that the warrant was issued prior to the expiration of the

maximum term of Rossello's sentence. It appears that Rossello is merely trying to throw sand in the eyes of the Court.

Under 18 U.S.C. § 4205, the only requirement that is set forth is that the warrant be "issued" within the maximum term for which a prisoner was sentenced. There is no specified time fixed or provision made for execution of the warrant. However, it should be executed within a reasonable time, and what constitutes a reasonable time cannot be fixed by a mechanical rule, but depends upon the circumstances of the particular case. Welch v. Hillis, 53 F.Supp. 456, 457 (W.D. Okl.1944); Hamilton v. Hunter, 65 F. Supp. 319, 321 (D.Kan.1946). Thus the remaining question is whether there was an unreasonable delay in the execution of the warrant.

When the Parole Board issued the warrant for the retaking of Rossello, it directed that the execution be delayed until the local charges were disposed of. The local charges were not disposed of until the date of sentencing at which time Rossello became a fugitive. Under these circumstances the delay in executing the warrant was reasonable.

There is no doubt that the Parole Board may withhold execution of a warrant for violation of a parole while a parolee is serving another sentence. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938); Ginyard v. Clemmer, 357 F.2d 291 (D.C.Cir.1966); Sapinski v. Humphrey, 119 F.Supp. 822, 823 (M.D.Pa.1954); Miller v. Hiatt, 50 F.Supp. 915 (M.D.Pa.1943). Also, the execution of a warrant might be delayed because the prisoner is a fugitive from justice. Under these circumstances delay in execution is not unreasonable. Welch v. Hillis, supra, 53 F.Supp. at 457. Thus if the parolee prevents execution of the warrant by his own actions, the delay in execution of the warrant cannot be complained of later.[1]

---

1. See Cline v. Haskins, 175 Ohio St. 480, 196 N.E.2d 440, 441 (1964), wherein it is stated:

"In other words, where a paroled convict violates his parole, there is no af-

firmative duty upon the state to place detainers on him or pursue him so as to return him to custody, and the state by its inaction creates neither an estoppel nor a waiver of its right to exact the penal-

Here there was a good reason to not execute the warrant immediately. The reasons were set forth in a similar case, Avellino v. United States, 330 F.2d 490, 491 (2d Cir. 1964), cert. denied, 379 U.S. 922, 85 S.Ct. 280, 13 L.Ed.2d 336 (1964), reh. denied, 379 U.S. 985, 85 S.Ct. 671, 13 L.Ed.2d 578 (1965), wherein it is stated:

" * * * While the Parole Board is not bound by the outcome of the state court proceeding, Hogan v. Zerbst, 101 F.2d 634 (5 Cir. 1939), it would seem to be a sensible deference to the state's prosecution of the charges to await the outcome of those proceedings. This enables the state prosecution to proceed with a minimum of interference and delay. Thus the Parole Board has the benefit of further information which may derive from the state court proceedings. Moreover, the Parole Board preserves its power to require that the state sentence and the remainder of the federal sentence be served consecutively. * * *

\* \* \* \* \* \*

"Where, as here, the warrant was issued before the expiration of the maximum term of nine years, the mere fact that the warrant was not executed until after the expiration of the maximum term does not entitle the petitioner to release under a writ of habeas corpus. Taylor v. Simpson, 292 F.2d 698 (10 Cir. 1961); Taylor v. Godwin, 284 F.2d 116 (10 Cir. 1960), cert. denied, 365 U.S. 850, 81 S.Ct. 814, 5 L.Ed.2d 814 (1961). * * *"

Here petitioner had been arrested on a State charge. "When a person on parole is arrested on another charge, the parole board is not required to execute its warrant immediately; the warrant may be held in abeyance until the intervening charge is disposed of." Jefferson v. Willingham, 366 F.2d 353, 354 (10th Cir. 1966). This delay may benefit a parolee in that if he had been acquitted of the

State charges, which were the basis of the warrant, the warrant would have been dissolved. Before the State charge was disposed of, petitioner became a fugitive, thus further delaying execution of the warrant by his own actions.

The petitioner was subject to being retaken under 18 U.S.C. § 4205 upon issuance of a warrant within the maximum term for which he was sentenced. The warrant was issued within the appropriate time, and the delay in execution was reasonable. Accordingly, the Petition for Writ of Habeas Corpus will be denied.

ty imposed under the conviction when it once again takes him into custody. People ex rel. Barrett, Atty. Genl. v. Dixon, Judge, 387 Ill. 420, 56 N.E.2d 816; In re McBride, 115 Cal.App.2d 538, 254 P. 2d 117; and United States ex rel. Palmer v. Ragen, 7 Cir., 159 F.2d 356."