**Louis TIRADO, Appellant,**

v.

**Olin G. BLACKWELL, Warden, United States Penitentiary, Atlanta, Georgia, Appellee (two cases).**

Nos. 24283, 24481.

United States Court of Appeals
Fifth Circuit.

June 23, 1967.

Louis Tirado, pro se.

Theodore E. Smith, Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for appellee.

Before RIVES and DYER, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM:

These are consolidated appeals from denials of habeas corpus to a federal convict.

The appellant was sentenced on November 28, 1952, to serve a total of twelve years for sale of narcotics, 21 U.S.C. §§ 173, 174, and for assault on federal officers, 18 U.S.C. § 111. He was released on mandatory release on March 3, 1960, with 1730 days left to serve.

On December 3, 1961, the appellant was arrested for unlawful possession of a loaded pistol, by New York state authorities. He was convicted upon his plea of guilty to the firearms violation and on February 19, 1963, he was sentenced to serve one year. He took an appeal and remained free on bail until June 15, 1964, when he commenced service of his state sentence. The appellant completed service of that sentence on December 21, 1964, at which time the federal authorities took custody of him under a conditional release violator warrant which had been issued on December 18, 1961, but which had not been served on him previously. The United States Parole Board ordered revocation of his conditional release on June 21, 1965.

The appellant contends that the Parole Board, by requiring him to report to his parole officer until after the date on which his release was due to become unconditional (full term less 180 days, 18 U.S.C. § 4164) and by not executing (serving) the violator warrant until he was finally released from state custody upon completion of service of his state sentence, thereby relinquished its right to proceed against him as a conditional release violator. The district court rejected this contention and we affirm.

■■■ The conditional release violator warrant was timely issued, more than three years prior to the date on which the appellant's federal sentence was due to expire. For violations committed more than 180 days prior to the end of the maximum term, the Parole Board has the power to issue and to execute the warrant at any time before expiration of the maximum term. Frierson v. Rogers, 5 Cir. 1961, 289 F.2d 234; Taylor v. Godwin, 10 Cir. 1960, 284 F.2d 116; Taylor v. United States Marshal, 10 Cir. 1965, 352 F.2d 232; cf. Sprouse v. Settle, 8 Cir. 1960, 274 F.2d 681; Birch v. Anderson, 1965, 123 U.S.App.D.C. 153, 358 F.2d 520. On November 27, 1964, the date on which the full term of the appellant's federal sentence was due to expire, he was serving his state sentence. The execution of a timely-issued violator warrant can be delayed until after the releasee has completed service of an intervening prison sentence. Smith v. Blackwell, 5 Cir., 367 F.2d 539, decided on October 12, 1966; Buchanan v. Blackwell, 5 Cir., 372 F.2d 451, decided February 15, 1967; Teague v. Looney, 10 Cir. 1959, 268 F.2d 506.

■■■ The appellant was due to be unconditionally released (full term minus 180 days) on or about June 2, 1964. The Government does not deny the appellant's allegation that he continued to report regularly to his parole officer until June 15, 1964, the date on which he commenced service of his state sentence. Although he remained free on bail after receiving his state sentence in 1963, this was bail pending his appeal from the state judg-

ment of conviction. While he was thus at liberty, the Parole Board had not only the right but also the duty to retain supervision of him, no less than it would supervise a releasee who has not violated the terms of his conditional release. See Avellino v. United States, 2 Cir. 1964, 330 F.2d 490.

In Hogan v. Zerbst, 5 Cir. 1939, 101 F.2d 634, this Court approved of a parole revocation where the warrant was executed long after the federal sentence had been due to expire, and where the intervening state prosecution had terminated in a nolle prosequi. The applicable law is well stated in Avellino v. United States, 2 Cir. 1964, 330 F.2d 490, 491, as follows:

"The Parole Board waited until all the criminal charges filed against Avellino and arising from the September 24, 1960 accident were finally adjudicated. This is in accordance with the practice of the Parole Board where criminal charges are pending against the parolee in a state court. While the Parole Board is not bound by the outcome of the state court proceeding, Hogan v. Zerbst, 101 F.2d 634 (5 Cir. 1939), it would seem to be a sensible deference to the state's prosecution of the charges to await the outcome of those proceedings. This enables the state prosecution to proceed with a minimum of interference and delay. Thus the Parole Board has the benefit of further information which may derive from the state court proceedings. Moreover, the Parole Board preserves its power to require that the state sentence and the remainder of the federal sentence be served consecutively. Cf. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 [116 A.L.R. 808]; Schiffman v. Wilkinson, 216 F. 2d 589 (9 Cir. 1954), cert. denied, 348 U.S. 916, 75 S.Ct. 299, 99 L.Ed. 719 (1955)."

We conclude that in the appellant's case the Parole Board acted reasonably, and that it had the right to delay execution of its warrant until his state sentence was appealed and later was serv-

ed. This was done in accordance with established principles of comity. Hogan v. Zerbst, supra; Avellino v. United States, supra; see Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879 (1922); United States ex rel. Brewer v. Maroney, 3 Cir. 1963, 315 F.2d 687; Saylor v. United States Board of Parole, 1965, 120 U.S.App.D.C. 206, 345 F.2d 100, cert. denied 382 U.S. 909, 86 S.Ct. 249, 15 L.Ed.2d 161. It follows that the judgment of the district court must be affirmed.

Affirmed.