Cager J. LESTER, Petitioner,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary.

Civ. A. No. 69–C–5–D.

United States District Court
W. D. Virginia.
Aug. 15, 1969.

---

## OPINION AND JUDGMENT

WIDENER, District Judge.

This opinion and order are on a petition for a writ of habeas corpus filed *in forma pauperis* under the provisions of 28 U.S.C. § 2241 by Cager J. Lester, a prisoner of the Commonwealth of Virginia. Petitioner is presently serving a 25-year sentence in the state penitentiary, following his conviction for robbery in the Circuit Court of Henry County on October 11, 1965. In the robbery trial, Lester was represented by two experienced and able attorneys of his own choosing whom he had employed. The transcript of the robbery trial is on file with the papers in this proceeding, as is the transcript in the State habeas corpus hearing, and both have been read in their entirety by the court.

Petitioner did not appeal the robbery conviction. Later, on August 26, 1966, he filed a petition for writ of habeas corpus in the Circuit Court of Henry County, and on October 6, 1966, filed a separate petition for writ of habeas corpus in the Supreme Court of Appeals of Virginia.

In the prosecution of the two writs of habeas corpus, petitioner was represented by two court appointed attorneys. Both petitions for habeas corpus filed in the State courts were filed *in forma pauperis*. The Supreme Court of Appeals ordered the petition filed in that court remanded to the Circuit Court of Henry County for trial, and the two petitions were heard together, June 19, 1967.

The Circuit Court of Henry County denied the prayer of both petitions, and petitioner then filed petitions for writs of error in the Supreme Court of Appeals of Virginia, which were denied December 6, 1968. At this point, petitioner exhausted his state remedies and has thus complied with 28 U.S.C. § 2254, prior to filing a petition in this court. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

This petition for habeas corpus was written by petitioner himself or by a layman. The contentions are summarized as follows:

First, that the Circuit Court of Henry County erred in not declaring a mistrial when a witness against Lester, a co-defendant, Martin, declared that he had known Lester since Lester was released from the penitentiary at Richmond. In fact, Lester had never been in the penitentiary at Richmond;

Second, that Martin was promised a suspended sentence in return for his having testified against Lester in the robbery trial;

Third, that Martin's testimony in the robbery trial was perjured;

Fourth, that he was ineffectively represented by his counsel; and

Last, that since Lester was a federal parolee at the time of the robbery trial, the courts of the Commonwealth lacked jurisdiction to try him.

The contentions will be dealt with in the order named above.

In the robbery trial, a co-defendant, Martin, testified that he had known Lester since Lester was released from the penitentiary at Richmond.

■ The first contention is that the trial court erred in not declaring a mistrial on account of Martin's testimony. The trial judge admonished the jury in part as follows: "It shall not and must not be considered by you and I emphatically instruct you and admonish you to wipe it completely from your minds." Whether or not to grant mistrials in such instances is usually left to the trial court, but that need not be decided here because the contention of petitioner is without merit for he did not take advantage of the error, if any, by appeal and cannot use this proceeding as a substitute. Cunningham v. Hayes, 204 Va. 851, 134 S.E.2d 271 (1964).

The next contention of petitioner is that the witness Martin was induced to give testimony against him in the robbery trial on account of a promise of suspended sentence.

An affidavit of Martin appears in the record to the effect that Martin was promised a suspended sentence and that his evidence was false and untrue, based on the promise of a suspended sentence by "my counsel and the Commonwealth's Attorney." Martin also testified in behalf of petitioner in the habeas corpus hearing. Martin's testimony does not corroborate his sworn statement. He testified that his attorney, one W. T. Combs, promised him a suspended sentence if he would testify against Lester, but he denied that the attorney for the Commonwealth said anything to him about a suspended sentence, and did not relate any promise in his version of a conversation with the Sheriff. Martin's attorney, Mr. Combs, did not testify in the habeas corpus proceeding, and his absence was not explained by petitioner. Lester had advised the court that he had all of his witnesses present when the hearing began.

■ In order to sustain the second contention of petitioner, the court would have to rely on the written statement of a self-confessed perjurer whose own oral testimony contradicts his statement. Petitioner failed to call for a witness, the co-defendant Martin's attorney, who

was the only person who could help him. The unexplained failure of Lester to call as a witnesss Martin's attorney, W. T. Combs, supports an inference that Combs, if called, would have testified against the interests of Lester. Blow v. Compagnie Maritime Belge, 395 F.2d 74, 79 (4th Cir. 1968). Petitioner has not sustained the burden of proof by credible testimony, and this contention is found to be without merit.

The petitioner's third contention is that the testimony in the robbery trial was perjured. This is supported only by the written statement of the co-defendant Martin and not by Martin's oral testimony given at the habeas corpus hearing. Only in the statement, not in the oral testimony, does Martin charge that the Commonwealth's Attorney knew that any evidence was perjured when he used it.

Taking all inferences most favorable to the petitioner, the only evidence offered in the robbery trial which could reasonably be said to be perjured was the testimony of Martin mentioned above to the effect that he had known petitioner since petitioner was released from the penitentiary in Richmond, and his statement he had been promised nothing for his testimony. The transcript of the robbery trial shows conclusively that the statement about the penitentiary was not responsive to the questioning of the Commonwealth's Attorney who immediately disavowed any connection with the testimony. It is not a fact that the Commonwealth's Attorney knowingly used false evidence, either about the penitentiary or about any promise to Martin. See Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L. Ed.2d 1217.

The proof offered is not analogous to Napue and Miller v. Pate, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967), in which a writ of habeas corpus issued when the State *knowingly* allowed paint stains to be taken for blood stains. In each of those cases, the State had *knowingly* and admittedly used perjured testimony.

■ The evidence in the instant case falls far short of bearing the burden of proof, and the court is of opinion that this contention is also without merit.

■ The fourth contention of petitioner is that he was ineffectively represented by counsel. The petition is somewhat hazy on this matter, but the court will consider it in its most favorable terms to petitioner. His attorneys at the robbery trial were employed and were experienced able lawyers. At the conclusion of the evidence, the Commonwealth had called the person who was robbed and the co-defendant Martin. The petitioner chose not to testify. The petitioner's attorneys when confronted by this situation did the only thing they could do. They pleaded for mercy, and in so doing argued that Lester was drunk; that he did not actually participate in the forceful robbery but only in the removal of the victim's property; and that the defendant, while technically guilty, had a right to plead not guilty and have the jury fix his punishment. Petitioner's attorneys in the robbery trial did the very best they could do in a bad situation. Lester appreciated their efforts, for he wrote to one of them from the penitentiary thanking him, and he stated in his testimony " * * * well, he done all he could do." In addition, in his petition for habeas corpus in the State court, petitioner states "Your petitioner does not submit that he had the ineffective assistance by counsel, but he does contend that his counsel made improper remarks to the jury which was to advise them that your petitioner was guilty." Under the circumstances of the case, this court is of opinion that the remarks made by Lester's attorneys to the jury were not improper. The attorneys did what they had to do. If every attorney defending a criminal case has to cover his tracks as he goes along and look over his shoulder for fear of future writs of habeas corpus, it will soon become impossible for a lawyer to render any effective service to his client in such matters.

■ He also complains that his employed attorneys in the robbery case did not note an appeal. Lester testified that he did not request his attorneys to appeal the case, and he has never mentioned the matter to anyone until filing his petition in this court. His contention is without merit. Peyton v. Webb, 207 Va. 417, 149 S.E.2d 889 (1966).

Petitioner also complains of ineffective representation of court appointed counsel. His only court appointed counsel were to prosecute the two petitions he filed in the state courts for habeas corpus. These attorneys filed petitions for appeal in the Supreme Court of Appeals of Virginia, which denied them both December 6, 1968.

■■ Trial tactics themselves do not constitute ineffective assistance of counsel. Hoffler v. Peyton, 207 Va. 302, 149 S.E.2d 893 (1966). Petitioner has not shown that his attorneys made a farce or mockery of his trial. Root v. Cunningham, 343 F.2d 1 (4th Cir.Ct.1965). Accordingly, this court is of opinion that all of petitioner's contentions concerning his attorneys are unavailing.

Lester's last contention is that Virginia was without jurisdiction to try him for robbery because he was a Federal parolee at the time the crime was committed and he was arrested.

He had previously been convicted in the United States District for the Middle District of North Carolina for bank robbery and sentenced to 15 years in the U. S. Penitentiary at Atlanta. This was June 6, 1952. On July 18, 1952, the sentencing court reduced his sentence from 15 years to 12 years. Lester was re-paroled October 16, 1964, to be under supervision of the U. S. Parole Board until December 14, 1968, from the probation office of the Middle District of North Carolina. The Virginia warrant for robbery was issued July 14, 1965. Lester was arrested in Rockingham County, North Carolina, on a fugitive warrant for the Virginia offense on July 14, 1965. He was visited by his U. S. Probation Officer in the Madison, North Carolina, jail

on July 15, 1965, at which time he requested that the Federal authorities take him into custody as a parole violator and transfer him to the U. S. Penitentiary at Atlanta. Since he denied implication in the Henry County robbery, his parole officer properly declined this request for he was not a parole violator according to his own statement. On July 16, 1965, after consulting his employed attorney, Lester waived extradition and was transferred to Henry County, Virginia, to await trial. On August 3, 1965, a Federal warrant was issued by the U. S. Board of Parole in Washington for parole violation which was sent to the U. S. Marshal with instructions to hold it in abeyance. This warrant was included with a letter from the U. S. Board of Parole, U. S. Department of Justice, and was sent to the U. S. Marshal at Roanoke with the following instructions.

"Please hold warrant in abeyance. If pending charge results in no conviction advise Board of further instructions. However, should subject change plea to guilty, or be found guilty, place a detainer and assume custody if and when released."

Lester was indicted in the October term of Circuit Court of Henry County and tried and found guilty October 11, 1965. The Federal warrant for parole violation was then filed by the U. S. Marshal as a detainer.

■■ The U. S. Board of Parole is under the jurisdiction of the Attorney General, the chief law enforcement officer of the United States. 18 U.S.C. § 4201. With full knowledge of all the facts in the case, the U. S. Board of Parole elected to allow Lester to be tried in the Circuit Court of Henry County for robbery and told the U. S. Marshal in Roanoke to hold the warrant in abeyance until after the trial. This court is of opinion that this is a waiver of any right the United States had to take Lester into custody. Federal parole is no sanctuary for State fugitives. See Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607 (1922), and Wilkinson

v. Youell, 180 Va. 321, 23 S.E.2d 356 (1942). Even if the United States did not waive its right to the custody of Lester, which this court does not hold, he had no standing to assert that the Federal authorities have been deprived of a parolee. United States v. Wiles, 198 F.Supp. 177 (D.C.1961).

The transcripts of the robbery trial and the habeas corpus hearing in the Circuit Court of Henry County have been carefully read, and the court is of opinion that all facts have been adequately disclosed so as not to require any further hearing in the matter. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

This court finds the petitioner received a fair and impartial trial in a competent court with jurisdiction and that none of his constitutional rights have been denied him.

It is accordingly adjudged and ordered that the petition for writ of habeas corpus be, and the same hereby is, dismissed.