The Petition of Alphonse Vincent **CASTALDI, For a Writ of Habeas Corpus.**

No. 69 C 308(1).

United States District Court
E. D. Missouri, E. D.

Oct. 24, 1969.

Murry L. Randall, St. Louis, Mo., for plaintiff.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for defendant.

HARPER, Chief Judge.

### MEMORANDUM AND ORDER

This matter is presently before the court on a petition for writ of habeas corpus. Petitioner is represented by his own counsel. Oral argument was held on October 14, 1969. The pleadings and argument established that petitioner was released from prison on June 5, 1968, on a mandatory release as a result of good time earned while serving a five-year sentence in the United States Prison. Pursuant to 18 U.S.C.A. § 4164, petitioner was released with 440 days remaining on his sentence, that is, his sentence terminated on August 19, 1969. In October, 1968, the United States Parole Board issued a warrant for the retaking of the petitioner on the ground that petitioner was charged on September 28, 1968, with burglary and stealing and that he was associating with persons with criminal records. This warrant was sent to the United States Marshal in St. Louis with certain instructions, which stated in part: "Please hold Warrant in abeyance. If pending charge results in no-conviction, advise Board for further instructions. * *."

On February 20, 1969, petitioner, pursuant to 18 U.S.C.A. § 4164, was released from parole supervision 180 days prior to the end of his sentence. Petitioner had been arrested June 11, 1969, and charged in state court with committing a burglary on a federal savings and loan company in Illinois in June, 1969. Petitioner on August 1, 1969, was turned over to the custody of the federal government after a federal indictment with respect to the burglary had been returned. On August 4, 1969, petitioner made bond, and on September 3, 1969, petitioner entered a plea of not guilty in the Federal Court in East St. Louis, Illinois. On September 5, 1969, a probation officer in St. Louis wrote the Parole Board stating that no action had been taken against petitioner in the state court, and that inquiry at the prosecutor's office revealed that no decision had been made on whether to prosecute the case. The letter also reported petitioner's criminal activity in Illinois and the status of that case. Thereafter, the Marshal in St. Louis was given authority to execute the warrant. The warrant was executed and the petitioner arrested on October 1, 1969.

Basically, petitioner contends that his arrest and detention is invalid because he was actually arrested after his parole had terminated and because of an alleged violation that occurred in Illinois in 1969, and about which the parole authorities first learned in September, 1969; and that the warrant issued in 1968 was invalidly executed after the termination on August 19, 1969, of his entire sentence.

18 U.S.C.A. § 4164 provides in part that "[a] prisoner having served his

term or terms less good time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less 180 days." In this instance petitioner, released under the authority of § 4164, was deemed to be on parole until February 20, 1969.

18 U.S.C.A. § 4205 states: "A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced * * *."

Petitioner's contention that the execution of the warrant after the expiration of his entire sentence is invalid is without merit. Section 4205 states that a warrant must be *issued* within the maximum term. In this case the warrant was issued well within the period of petitioner's sentence.

■■ The statute is silent as to the time within which the warrant must be executed. It is clear that an unreasonable delay in the execution of the warrant may invalidate the warrant. See Robinson v. Sartwell, 264 F.Supp. 531, 534 (D.C.Mich.1967); Rossello v. United States Board of Parole, 261 F.Supp. 308, 310 (D.C.Pa.1966); United States v. Gernie, 228 F.Supp. 329 (D.C.N.Y.1964). However, there is no requirement that the warrant be executed within the maximum term of the sentence if the delay is reasonable. The execution may be deferred pending the disposition of an intervening state or federal charge. Jefferson v. Willingham, 366 F.2d 353 (10th Cir. 1966), cert. den. 385 U.S. 1018, 87 S.Ct. 744, 17 L.Ed.2d 554.

■ The Parole Board is not required to execute the warrant immediately, and the warrant remains valid although not executed until after the parolee's original sentence had expired. Avellino v. United States, 330 F.2d 490 (2nd Cir. 1964), cert. den. 379 U.S. 922, 85 S. Ct. 280, 13 L.Ed.2d 336, reh. den. 379 U.S. 985, 85 S.Ct. 671, 13 L.Ed.2d 578. The parole warrant in this case was

properly held in abeyance for the reason that petitioner had been arrested on another charge and state court charges were pending. The fact that the execution of that warrant did not occur until after the expiration date of the original sentence did not invalidate the warrant, particularly since the execution was delayed only a month after the expiration date. Unreasonable delay is not present here. See also: Hogan v. Zerbst, 101 F.2d 634 (5th Cir. 1939); United States ex rel. Gutterson v. Thompson, 47 F. Supp. 150, aff'd 135 F.2d 626.

■ The Parole Board is not required to wait until state charges are disposed of before executing the warrant. The revocation of petitioner's parole for violation of conditions of his release is in no way dependent upon the outcome of the state proceedings. Fox v. Sanford, 123 F.2d 334 (5th Cir. 1941); Hogan v. Zerbst, supra. The Parole Board properly authorized execution of the warrant although state charges had not been disposed of. The Parole Board became aware of the fact that no action had been taken on the state charge, and, indeed, that no decision had even been made as to whether to take any action. The Parole Board acted promptly upon receiving this information. Under those circumstances, it was reasonable for the Board to refuse to further delay execution of the warrant and to authorize its execution. The action of the Parole Board was a valid exercise of its discretion.

■ Petitioner's contention that the execution of the warrant was actually because of his alleged criminal activity in Illinois in June, 1969, is without merit. Petitioner has not attacked the validity of the issuance of the warrant, its form or contents. As discussed above, the delay in execution was reasonable and justified under the circumstances. Although petitioner's arrest for an act committed subsequent to February 20, 1969, could not be a ground for revocation of parole, Sprouse v. Settle, 274 F.2d 681 (8th Cir. 1960), there is ample and sufficient authority inde-

pendent of the June, 1969, activities to justify the execution of the warrant issued in October, 1968. That warrant was issued on the basis of facts occurring well before February 20, 1969.

It is, therefore, ordered that the petition for writ of habeas corpus be denied.