**Petition of Alphonse Vincent CASTALDI for a Writ of Habeas Corpus.**

**Alphonse Vincent Castaldi, Appellant.**

**No. 20062.**

United States Court of Appeals,
Eighth Circuit.

June 24, 1970.

———————

Murry L. Randall, St. Louis, Mo., for appellant.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., and John A. Newton, Asst. U. S. Atty., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and MEHAFFY and LAY, Circuit Judges.

PER CURIAM.

Petitioner sought a writ of habeas corpus on the basis of an alleged illegal execution of a warrant for the retaking of a prisoner for parole violation after his original term had expired. The warrant had been issued by the Parole Board in October of 1968, after petitioner was charged with burglary in a state court. It was issued more than 180 days prior to the expiration of his original sentence. See 18 U.S.C.A. § 4164; 18 U.S.C.A. § 4205. His original sentence expired on August 19, 1969. The warrant, however, was not served until October 1, 1969.

The warrant contained certain conditions which petitioner urges made the issuance of the same void for vagueness. He further urges that the provisions in the warrant mean that a parole board can have "almost indeterminate supervision and control" of the person released. The warrant instructed the Marshal:

> "Please hold Warrant in abeyance. If pending charge results in no conviction advise Board for further instructions. However, should subject change plea to guilty or be found guilty, place a detainer and assume custody if and when released. * * * If the prisoner is sentenced on a new Federal charge, return the Warrant unexecuted." [1]

The full facts and law governing the issue are set forth in the district court's opinion, the Honorable Roy M. Harper, presiding. Petition of Castaldi, 305 F.Supp. 421 (E.D.Mo.1969).

In Hash v. Henderson, 385 F.2d 475 (8 Cir. 1967), this court considered a situation where execution was delayed until the completion of a state sentence. The court said:

> "The board is not obligated to instruct the United States Marshal to serve the warrant at the time of issuance, * * * nor is it *unreasonable* for it to delay taking custody of a prisoner until after he is released from a state penitentiary." (Emphasis ours.) *Id.* at 477.

After a thorough review of the authorities and statutes involved, we find no violation and uphold the Parole Board's discretion to serve the warrant at the time that it did. On the basis of the reasoning and law set forth in the district court's opinion, we affirm the de-

1. A similar condition was upheld in Avellino v. United States, 330 F.2d 490 (2 Cir. 1964).

nial of the petition. The delay in the execution of the warrant in this case was not unreasonable.

Judgment affirmed.