John Paul Moore, pro se.

**John Paul MOORE, Petitioner,**

v.

**UNITED STATES MARSHAL, WESTERN DISTRICT OF VIRGINIA,**
**Respondent.**

**Civ. A. No. 71-C-57-A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

April 29, 1971.

## MEMORANDUM OPINION

WIDENER, District Judge.

The petitioner has filed a petition for writ of habeas corpus, which the court will consider on its merits.

The petitioner may proceed in forma pauperis. His petition is filed.

At the June, 1970 term of the United States District Court in Columbus, Ohio, petitioner was convicted on twelve counts of forging and uttering United States Savings Bonds and was sentenced, on or about June 15, 1970, to a "sentence of three years' probation."

While on probation, petitioner was tried and convicted in the Circuit Court of Franklin County, February 3, 1971, for breaking and entering, and grand larceny, and received a sentence of sixteen months, which he is serving at Bland Correctional Farm. The United States Marshal in the Western District of Virginia has placed a detainer with Bland Correctional Farm for the custody of petitioner for violation of probation, obviously of the sentence of the United States District Court at Columbus.

The petitioner requests the court to order the detainer placed by the United States Marshal with Bland Correctional Farm withdrawn, contending that his probation cannot be interrupted to serve his sentence imposed by the Circuit Court of Franklin County, and that he then be called upon to answer for violation of his federal probation at a later date.

The claim is without merit. Although the petition does not show whether or not the United States had any knowledge of the trial in the Circuit Court of Franklin County, the records of this court do not show any action on the part of the United States to return the custody of petitioner to the federal government except for probation violation. It must be considered that the United States has acquiesced in the custody of petitioner on the part of the State, as is shown by the fact that the United States has placed a detainer with the Virginia authorities at *Bland Correctional Farm.* Like federal parole, federal probation is no sanctuary for state fugitives. See Ponzi v. Fessenden, 258 U.S. 254, 42 S. Ct. 309, 66 L.Ed. 607 (1922), and Wilkinson v. Youell, 180 Va. 321, 23 S.E.2d 356 (1942). Even if the United States did not waive its right to the custody of petitioner, which this court does not hold, he has no standing to assert that the Federal authorities have been deprived of a parolee. United States v. Wiles, 198 F.Supp. 177 (D.C.1961). See also Lester v. Peyton, 303 F.Supp. 364 *(W.D.Va.1969), in which the situation as it applies to parole is discussed.*

The petition being without merit, the court has not treated it as a petition for review of a sentence under 28 U.S.C. § 2255, and accordingly has not transferred the action to the United States District Court in Columbus, Ohio.

The petition stating clearly all the facts on which the claim rests, no hearing is required. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

An order is this day entered dismissing the petition.